1  CHRISTOPHER J. BEEMAN, ESQ. BAR#: 121194
   JAY W. BROWN, ESQ. BAR#: 176079
2  CLAPP, MORONEY, BELLAGAMBA and VUCINICH
   A PROFESSIONAL CORPORATION
3  6130 Stoneridge Mall Road, Suite 275
   Pleasanton, CA  94588
4  (925) 734-0990  Fax: (925) 734-0888

5  Attorneys for Defendants
   OPERATION DIGNITY, INC., ALEX McELREE, WILLIAM KENNEDY,
6  AND LINDA GRIFFIN

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 MARK ANTOINE FOSTER,                    CASE NO.:  C075030 MMC

12         Plaintiff,                     DEFENDANTS' NOTICE OF MOTION
                                          TO DISMISS, OR IN THE
13 v.                                     ALTERNATIVE, TO STAY;
                                          DECLARATION OF JAY W. BROWN
14 OPERATION DIGNITY, INC., a             AND EXHIBITS "A" - "D" ATTACHED
   California Non-Profit corporation, ALEX THERETO; [PROPOSED] ORDER IN
15 McELREE, an individual, WILLIAM        SUPPORT THEREOF
   KENNEDY, an individual, LINDA
16 GRIFFIN,                               Date: January 11, 2008
                                          Time:   9:00 a.m.
17         Defendants.                    Courtroom 7, 19th Floor

18

19

20        TO PLAINTIFF MARK FOSTER IN PRO PER

21        PLEASE TAKE NOTICE that on January 11, 2008 at 9:00 a.m. or as soon thereafter as the

22 matter may be heard in the above entitled court, located at 450 Golden Gate Avenue, San Francisco,

23 California, defendants herein will move the court to dismiss, or in the alternative, to stay, the instant

24 Federal Court action pursuant to Colorado River Water Conservation Dist. V. United States, 424 U.S.

25 800 (1976), on the grounds that plaintiff Foster has an identical case pending in the Superior Court

26 of California, County of Alameda, entitled Foster v. Operation Dignity, Inc., a California Non-Profit

27 corporation, ALEX McELREE, an individual, WILLIAM KENNEDY, an individual, LINDA

28

                                                          1
                                               NOTICE OF MOTION AND
                                               MOTION TO DISMISS

Alameda.

In plaintiff's State court action, <u>Foster v. Operation Dignity, et al</u>, Case No. RG06302322, filed February 26, 2007, he makes identical factual allegations, but limits the action to the first unlawful detainer action, Alameda County Superior Court Case No. AG06262593, which was filed on March 30, 2006 . (State Court complaint, attached to declaration of Jay W. Brown at Exhibit "B".) In the opening paragraphs, numbers 1 through 10, Foster alleges that he was a resident of 2300 Moonlight Terrace, Apartment A in Alameda, taking possession on August 17, 2004, and that Operation Dignity was his landlord. In paragraphs 11 through 16, Foster addresses again the very same unlawful detainer actions addressed in his Federal complaint. Foster's State court action sets forth seven causes of action for retaliatory eviction, fraud, breach of covenant of good faith and fair dealing, breach of contract and infliction of emotional distress, all similar causes of action to those alleged in his Federal action. Foster's second complaint addresses the second unlawful detainer action, The second is Case No. AG06279183, which sought recovery of the premises for non-payment of rent, but essentially alleges the same facts and causes of action as the first state court action. Since both State court complaints arose out of the same tenancy, but two separate unlawful detainer actions, the two actions were consolidated, with the RG06302322 being the controlling case as it is the oldest action.

Foster's State court action remains pending in the Alameda County Superior Court, with the Honorable Stephen Dombrink assigned as the judge for all purposes. There is a case management conference set in the State action for March 7, 2008. The parties have been through one court ordered mediation. Discovery is progressing under Judge Dombrink's supervision. There are no dispositive motions pending, and Judge Dombrink will likely set a trial date in the 2008 timeframe. Given the fact that Foster has an identical State court action filed and active, it is clear that venue for the instant Federal matter is improper. Consequently, this matter should be dismissed.

///

///

///

GRIFFITH, an individual (Alameda County Case No. RG06302322) based on the same facts and causes of action claimed in the instant matter against the same parties. Foster actually has two state court claims pending against defendants herein, the second being Foster v. Operation Dignity, et al, (Alameda County Case No. RG07318238). Pursuant to an Order of Consolidation, these two state actions were consolidated, with Case No. RG06302322 being the controlling matter. The consolidated cases are being handled by the Honorable Stephen Dombrink. (See Declaration of Jay W. Brown at Exhibits "A"-"D".)

This motion will be based upon this Notice of Motion and motion, the Memorandum of Points Authorities included herewith pursuant to Northern District of California Local Rule of Court 7.2, and the declaration of Jay W. Brown and Exhibit "A"-"D" attached thereto.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Operation Dignity is a non-profit corporation that provides subsidized transitional housing for veterans. Plaintiff Mark Foster has now filed a third lawsuit against the same defendant, all based upon the same allegations of discriminatory housing. He alleges in the instant matter that he was a resident of 2300 Moonlight Terrace in Alameda California, with a tenancy ranging from August 17, 2004 through January 31, 2007. (Federal Complaint at para. 4, attached to declaration of Jay W. Brown at Exhibit "A".) He alleges that Operation Dignity was his landlord, and that the individually named defendants herein were employees of Operation Dignity. (Federal Complaint at paras. 5-13). In plaintiff's Federal Court complaint, he references two unlawful detainer actions filed by the defendants, which form the basis of the Federal Court action. The first is Alameda County Superior Court Case No. AG06262593, which was filed on March 30, 2006 which sought recovery of the premises from Mr. Foster based on his non-participation in case management services. The second is Case No. AG06279183, which sought recovery of the premises for non-payment of rent. Based upon a negotiated stipulation between the parties, Foster vacated the premises on January 31, 2007. (Federal Complaint at para. 17.) The Federal Court complaint sets forth Nine Counts, including retaliatory eviction, breach of the covenant of good faith and fair dealing, breach of contract, fraud and infliction of emotional distress, all allegedly arising out of plaintiff's tenancy at Moonlight Terrace in

## II. LEGAL ARGUMENT

**This Matter Should Be Dismissed, or Stayed, Pursuant to the Colorado River Doctrine**

The doctrine set forth in Colorado River v. United States, 424 U.S. 800, "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in Federal Court having jurisdiction." (Colorado River, 424 U.S. at 817.) However, in exceptional circumstances, it is appropriate for a federal court to either dismiss or stay a case that is concurrent with a state court action. (Colorado River 424 U.S. at 818.)

In Colorado River, the Supreme Court articulated four factors for determine whether sufficiently exceptional circumstances exist to warrant abstention: (1) whether either the state or federal court has exercised jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. In Moses Cone Memorial Hosp. V. Mercury Construction Corporation, the court added two more considerations: (5) whether federal or state law controls and (6) whether the state court is adequate to protect the parties' rights. (Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989). In the Ninth Circuit also the court should consider whether the state and federal actions are "substantially similar." (Id. at p. 1417.) Courts must not apply the checklist mechanically, but rather, carefully balance the important factors as they apply in a given case. (Moses Cone., 460 U.S. at 16.)

This doctrine rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. (Nakash, 882 F.2d at 1415.). As for similarity of actions, the Ninth Circuit has explained, "exact parallelism" between the two actions is not required. Rather, it is adequate if the state and federal actions are "substantially similar." (Id. At p. 1416.)

In Nakash, the federal action involved slightly different parties and similar, but not identical causes of action. The court found that the two actions were substantially similar. The court reasoned that the disputes in both actions arose out of the same conduct. (Id. at p. 1416.) Similarly, in Silvaco Date Systems, Inc. v. Technology Modeling Associates, Inc., 896 F.Supp. 973, 976 (N.D. Cal. 1995), although the federal and state claims were not identical, they both arose

out of the same dispute between the two same parties. Moreover, the crux of the allegations were the same in both forums. Thus, the court concluded that although the two matters did not raise identical factual or legal issues, the two actions were substantially similar to justify applying the Colorado River doctrine.

The application of the Colorado River doctrine, to either dismiss or stay this matter is warranted under these circumstances. The State and Federal actions are identical, and arise out of Foster's tenancy at Moonlight Terrace. The State matters address the two unlawful detainer matters and the grounds for each. The Federal action also addresses the two unlawful detainer matters. Both actions alleged the same or identical causes of action, i.e., retaliatory eviction, breach of contract, breach of covenant of good faith and fair dealing, infliction of emotional distress. The State court actions were filed first, and the first in fact is approaching its one year anniversary of December 14, 2006. Moreover, since plaintiff is alleging the same set of facts, and maintaining the same causes of action, it is clear that the State court action is more than adequate to address his grievances against defendants herein. Defendants are contesting liability in the State court matter. Plaintiff has a judge assigned to his consolidated matter, and the judge in fact is monitoring the progress of this case. All parties underwent a full day mediation session. The court will set this matter for trial in the 2008 time frame and Foster will have his day in court so to speak with a jury of his peers to decide this dispute. Consequently, this matter should be dismissed in its entirety based upon the factors set forth in Colorado River, or, at the very least, stayed pending the outcome of the State court action.

As for priority of proceedings, this factor is measured in terms of how much progress has been made in the two actions. (Moses H. Cone Mem. Hosp. v. Mercury Const. Corp, supra, 460 U.S. at 21; see also Stewart v. Western Heritage Ins. Co. (5th Cir. 2006) 438 F.3d 488, 492-493-abstention favored when federal case has not proceeded past filing of complaint.) Depending on the relevant factors, a stay may be proper in ordinary tort and contract cases. (Nakash v. Marciano, supra 882 F.2d 1411-1415-state case had progressed far beyond federal case so that it would be highly inefficient to allow federal case to proceed.)

///

## III. CONCLUSION

Based upon the foregoing, defendants herein respectfully request that this court dismiss plaintiff's complaint with prejudice, or stay the matter pending the outcome of the State court action, pursuant to the <u>Colorado River</u> doctrine.

DATED: November 30, 2007              CLAPP, MORONEY, BELLAGAMBA
                                                                        and VUCINICH

By: _____
    CHRISTOPHER J. BEEMAN, ESQ.
Attorneys for Defendants OPERATION DIGNITY, INC., ALEX McELREE, WILLIAM KENNEDY, AND LINDA GRIFFIN

**Foster v. Operation Dignity, Inc., a California Non-Profit Corp et al.**
U.S.D.C., Northern Dist. OF California, C075030 MMC

**PROOF OF SERVICE**

I hereby certify that I sent by regular U.S. Mail, the following:

DEFENDANTS' NOTICE OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY; DECLARATION OF JAY W. BROWN AND EXHIBITS "A" - "D" ATTACHED THERETO; [PROPOSED] ORDER IN SUPPORT THEREOF

Mark Antoine Foster In Pro Per
725 Ellis Street, #408
San Francisco, CA 94109

Executed on December 3, 2007 at Pleasanton, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Tonyia Neves

F:\Data\DOCS\9256\03240\Federal Action\proof