CHRISTOPHER J. BEEMAN, ESQ. BAR#: 121194
JAY W. BROWN, ESQ. BAR#: 176079
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
6130 Stoneridge Mall Road, Suite 275
Pleasanton, CA 94588
(925) 734-0990 Fax: (925) 734-0888

Attorneys for Defendants
OPERATION DIGNITY, INC., ALEX McELREE, WILLIAM KENNEDY,
AND LINDA GRIFFIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>        Plaintiff,<br><br>v.<br><br>OPERATION DIGNITY, INC., a California Non-Profit corporation, ALEX McELREE, an individual, WILLIAM KENNEDY, an individual, LINDA GRIFFIN,<br><br>        Defendants. | CASE NO.: C075030 MMC<br><br>**DECLARATION OF JAY W. BROWN IN SUPPORT THEREOF AND EXHIBITS "A"-"D" ATTACHED THERETO**<br><br>Date: January 11, 2008<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor |

I, JAY W. BROWN, declare as follows:

1.     I am an attorney at law duly admitted to practice before all of the courts of the State of California, and an associate in the law offices of Clapp, Moroney, Bellagamba and Vucinich, attorneys of record herein for Defendants OPERATION DIGNITY, INC., a California Non-Profit corporation, ALEX McELREE, an individual, WILLIAM KENNEDY, an individual, LINDA GRIFFITH.

2.    Attached hereto as Exhibit "A" and incorporated herein by reference is Mark Anotine

Foster's Federal complaint in the instant matter.

3.    Attached hereto as Exhibit "B" and incorporated herein by reference is Mark

Antoine Foster's state complaint entitled <u>Foster v. Operation Dignity, Inc., a California Non-Profit</u>

<u>corporation, ALEX McELREE, an individual, WILLIAM KENNEDY, an individual, LINDA</u>

<u>GRIFFITH, an individual</u> (Alameda County Case No. RG06302322) based on the same facts and

causes of action claimed in the instant matter against the same parties.  Foster actually has two

state court claims pending against defendants herein, the second being <u>Foster v. Operation Dignity,</u>

<u>et al,</u> (Alameda County Case No. RG07318238).  (Attached hereto as Exhibit "C".)  Pursuant to an

Order of Consolidation, these two state actions were consolidated, with Case No. RG06302322

being the controlling matter.  The consolidated cases are being handled by the Honorable Stephen

Dombrink.  (Order of Consolidation attached hereto as Exhibit "D".)

I declare under penalty of perjury under the laws of California that the foregoing is true and

correct.

Executed December 3, 2007, in Pleasanton, California.

Jay W. Brown

**DECLARATION OF JAY W.
BROWN IN SUPPORT
THEREOF AND EXHIBITS
"A"- "D" ATTACHED
THERETO**

# EXHIBIT "A"

1  Mark Antoine Foster, In Pro Per
   725 Ellis Street, #408
2  San Francisco, CA
   (415) 756-1611
3



4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA              MMC

10                         OAKLAND DIVISION

11

12  MARK ANTOINE FOSTER,              C  07      5030
                                         Case No.
13                                       COMPLAINT
              Plaintiff       DEMAND FOR JURY TRIAL
14
       vs.
15  OPERATION DIGNITY, INC., a
    California Non-Profit corporation,
16  ALEX McELREE, an individual, WILLIAM
    KENNEDY, an individual, LINDA                    
17  GRIFFIN              Defendants

18  _____/

19  I.      JURISDICTION AND VENUE

20      1.      This court has jurisdiction over this complaint because it arises under the laws of

21  the United States. The  court  has jurisdiction of the subject matter of this action pursuant to 28

22  U.S.C.  §1331, 5 U.S.C. §7. The action arises  out of the  Constitution of the United States and

23  plaintiff seeks to redress violations of fifth and fourteenth amendments to the United States

24  Constitution. Plaintiff also seeks to redress defendants' subsequent violations of the FHAA and

25
    COMPLAINT                                                              1

1   attack the appropriateness of the defendants 'actions violating *Section 794* of the

2   Rehabilitation Act ("Rehab Act") *29 U.S.C. § 794(a)(1996)*, the

3   Americans with Disabilities Act and the Consumer Fraud Act.

4       2.    Venue is proper under 28 U.S.C.1402(a)and1391(e).Venue is appropriate in this

5   court because all of the defendants reside or work in this district and all of the acts and omissions

6   giving rise to this lawsuit occurred in this district.

7   **II.    INTRADISTRICT ASSIGNMENT.**

8       **3**.    This lawsuit would be assigned to the Oakland Division of this court because a

9   substantial, if not all of the events and omissions giving rise to this lawsuit occurred in this

10  district, and specifically in the city of Alameda, California.

11  **III.  PARTIES**

12      4.    At all times herein mentioned, Plaintiff **MARK ANTOINE FOSTER** was a

13  resident of the City of Alameda, County of Alameda, with his residence address being 2300

14  Moonlight Terrace, Apt. A, Alameda, California.  Plaintiff took possession of his apartment on

15  or about August 17, 2004 and remained in possession until January 31, 2007. Plaintiff moved to

16  725 Ellis Street, San Francisco, CA.

17      5.    Plaintiff is informed and believes and thereon alleges that, at all times herein

18  mentioned, Defendant **OPERATION DIGNITY, INC**. (hereafter "OPERATION DIGNITY")

19  is a California non-profit corporation with its principal office located at 1504 Franklin Street,

20  Oakland, California.  Defendant OPERATION DIGNITY owns, operates, leases, or manages

21  that certain apartment building located at 2300 Moonlight Terrace, Alameda, California, which is

22  commonly known as "Dignity Commons."  Defendant OPERATION DIGNITY is Plaintiff's

23  landlord.

24      6.    Plaintiff is informed and believes and thereon alleges that, at all times herein

25  mentioned, Defendant **ALEX McELREE**, an individual, is the owner, officer, director,

**COMPLAINT**           2

1  employee, and/or agent of Defendant OPERATION DIGNITY.  His principal place of business

2  is 1504 Franklin Street, Oakland, California.

3       7.      There exists, and at all times herein mentioned there existed, a unity of interest

4  and ownership between Defendants OPERATION DIGNITY and McELREE such that any

5  individuality and separateness between Defendants OPERATION DIGNITY and McELREE, as

6  owner, officer, director, or agent of Defendant OPERATION DIGNITY, has ceased.  Defendants

7  are the alter egos of one another.

8       8.      Adherence to the fiction of separate existence between Defendants OPERATION

9  DIGNITY and McELREE as entities distinct from one another would permit an abuse of the

10 corporate privilege and would sanction fraud or promote injustice in that it would prevent

11 Plaintiff from pursuing claims for damages from all parties responsible for his injuries.

12      9.      Plaintiff is informed and believes and thereon alleges that Defendant **WILLIAM**

13 **KENNEDY**, an individual, was the employee, partner, and/or agent of Defendant OPERATION

14 DIGNITY.  His principal place of business is 1504 Franklin Street, Oakland, California.

15      10.     Plaintiff is informed and believes and thereon alleges that Defendant **LINDA**

16 **GRIFFIN**, an individual, was the employee, partner, and/or agent of Defendant OPERATION

17 DIGNITY.  Her principal place of business is 1504 Franklin Street, Oakland, California.

18      11.     Plaintiff does not know the true names of Defendants and therefore sues them by

19 their fictitious names.  Plaintiff will amend this complaint when their true names and capacities

20 are ascertained.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously

21 named defendants is responsible in some manner for the occurrences herein alleged and that

22 Plaintiff's damages as herein alleged were proximately caused by these defendants.  Each

23 reference in this complaint to "Defendant OPERATION DIGNITY," "Defendant McELREE,"

24 "Defendant KENNEDY," "Defendant GRIFFIN," "Defendant," "Defendants," or a specifically

25 named defendant refers also to all defendants sued under fictitious names.

**COMPLAINT**                                                                                      3

12.     At all times herein mentioned, each defendant was the agent, employee, partner, independent contractor, or joint venturer of each other defendant and was acting within the scope and authority of such relationship.  Plaintiff is further informed and believes and thereon alleges that each of the defendants herein consented to, ratified, and authorized the acts herein alleged of each of the remaining defendants.

13.     At all times herein mentioned, each defendant operated and managed Dignity Commons and maintained control of Dignity Commons.

**IV.     INTRODUCTION**

14.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 13 of this complaint as though fully set forth herein.

15.     This is a wrongful eviction matter stemming from defendants filing an unlawful detainer action against plaintiff on **March 30, 2006.**

16.     Operation Dignity Inc. is a transitional housing program servicing U.S. Veterans. Operation Dignity Inc. is also a Public Housing Assistance program (PHA) governed by HUD and other federal and state laws that require that they follow due process in any termination of their tenants' tenancies. Operation Dignity Inc. is privately owned but receives federal rent subsidies from the Veterans Administration to help subsidize the veterans rent. The VA pays approximately 65% of the veteran's rent, the veteran pays the balance.

17.     During the course of plaintiff's tenancy with defendants, defendants filed two (2) unlawful detainer actions against plaintiff, in both proceedings plaintiff brought forth retaliatory eviction as an affirmative defense and an affirmative cause of action, in order to retain possession of his apartment. The first unlawful detainer action, case number **AG06262593** was filed on March 30, 2006 and was for plaintiff's purported nonparticipation in case management services. On or about July 5, 2006, during and at the commencement of plaintiff's pre-trial conference regarding the unlawful detainer, defendants agreed to dismiss

**COMPLAINT**                                                                                          4

1   the case against plaintiff, and plaintiff retained in possession of the premises at 2300

2   Moonlight Terrace in Alameda, California. The second unlawful detainer action, case number

3   **AG06279183** was filed on July 14, 2006 and was for plaintiff's alleged nonpayment of rent. At

4   the commencement of plaintiff's pre-trial conference, defendants agreed to waive plaintiff's back

5   rent from June 2006, if plaintiff would agree to vacate the premises by January 31, 2007.

6   Defendants' reason for terminating plaintiff's lease was that plaintiff's rent subsidy from the VA

7   expired. Plaintiff agreed to vacate. A stipulation regarding Dismissal/Judgment was agreed upon

8   by both defendants and plaintiff, thereafter on January 31, 2008, plaintiff vacated the premises..

### FIRST COUNT

#### Arbitrary Discrimination

#### Violating the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617

#### Caused by Retaliatory Eviction pursuant to §1942.5 (c)]

12      18.      Plaintiff incorporates by reference each and every allegation set forth in

13   paragraphs1through 17 as though fully set forth herein.

14      19.      Plaintiff brought this action in Alameda Superior Court as an affirmative defense

15   and an affirmative cause of action for retaliatory eviction pursuant to California Civil Code

16   §1942.5 (a) (c), and pursuant to California Civil Code §52 and FEHA.  Plaintiff now brings this

17   action to this district court pursuant to **the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617**

18   **and  42 U.S.C.A.  §3613(a) of the Fair Housing Act Amended (FHAA)** for; being retaliated

19   against by defendants for plaintiff organizing and advocating lessee's rights, and informing other

20   tenants of those rights, and for peaceably exercising his own rights under the law to retain

21   possession of his apartment. Defendants conduct was intentional discrimination and constituted

22   coercion, intimidation and interference on the account of plaintiff having exercised his rights and

23   aided and encouraged others to exercise their rights, among other things.

24      20.      Statute Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617, makes it unlawful to

25

**COMPLAINT**                                                                                                    5

1   coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of any right

2   granted or protected by the Fair Housing Act.

3       21.    California Civil Code §1942.5 (h) states "The remedies provided by this section

4   shall be in addition to any other remedies provided by statutory or decisional law".

5       22.    California Civil Code §52(e) states "Actions brought pursuant to this section are

6   independent of any other actions, remedies, or procedures that may be available to an aggrieved

7   party pursuant to any other law".

8       23.    Plaintiff timely files this complaint pursuant to **42 U.S.C.A. §3613(a) (1) (A) of**

9   **the Fair Housing Act Amended (FHAA, which states, "An** aggrieved person may commence

10  an civil action in an appropriate United States district court or state court not later than 2 years

11  after the occurrence or the termination of the alleged discriminatory housing practice, or breach

12  of conciliation agreement entered into under this subchapter, which ever occurs last, to obtain

13  appropriate relief with respect to such discriminatory housing practice or breach."

14      24.    On or about June 28, 2004, plaintiff entered into a written rental agreement with

15  defendants by the terms of which defendants rented the premises to plaintiff on a month-to-

16  month tenancy at the rental rate of $225.00 per month, payable monthly on the first day of each

17  and every month, commencing on June 28, 2004.

18      25.    Under the terms of the rental agreement, plaintiff entered into possession of the

19  premises on or about August 17, 2004, and had continued in possession of his apartment since

20  until January 31, 2007..

21      26.    On or about December 15, 2005, plaintiff was informed by defendants, and each

22  of them, that his tenancy would be terminated in March 2006 due to plaintiff's purported

23  "nonparticipation in case management services," a program offered by defendants' transitional

24  housing program. Plaintiff opposed defendants' termination of his tenancy because, among other

25  things, his lease contained no provision requiring his participation in such program, nor did it

**COMPLAINT**                                                                              6

1  limit the term of his tenancy to any specific months or years. The defendants issued most of the

2  other tenant/veterans an 18 to 24 month lease with a stipulation requiring participation in their

3  case management services program. Plaintiff so informed defendants, that his lease contained no

4  provision requiring him to participate in such case management services program, and that

5  although the stipulation was not in his lease, he still did participate in case management services.

6  Plaintiff further informed defendants that he has a legal right as a tenant to retain possession of

7  his apartment, and will exercise his rights if necessary.

8       27.    On or about February 16, 2006, defendants, and each of them, served plaintiff

9  with a thirty (30) day termination notice to quit the premises on or about March 17, 2006.

10 Plaintiff is informed and believes and thereon alleges that the subject 30 day termination notice

11 to quit was in retaliation for plaintiff opposing defendants' actions to evict him, and for

12 informing defendants that he will exercise his legal right as a tenant to remain in possession of

13 the premises. This constitutes the first act of retaliation.

14      28.    Thereafter, when plaintiff did not vacate the premises on or about March 17,

15 2006, defendants filed an unlawful detainer action against plaintiff on March 30, 2006.

16 However, defendants did not serve the summons on plaintiff. Plaintiff received notice from the

17 Superior Court, County of Alameda, notifying plaintiff that an unlawful detainer action had been

18 filed against him. Plaintiff is informed and believes and thereon alleges that the filing of the

19 subject unlawful detainer action and notice received by plaintiff was in retaliation for plaintiff

20 not vacating the premises, and was meant to intimidate and harass plaintiff out of his apartment.

21 This constitutes the second act of retaliation.

22      29.    Thereafter, on or about May 3, 2006, defendants offered plaintiff a written

23 contract that would have allowed plaintiff to remain in possession of the premises for an

24 additional ninety (90) days if plaintiff would agree to reimburse defendants for the $300 in legal

25 costs incurred by defendants to file the subject unlawful detainer action against plaintiff. Such

COMPLAINT                                                                      7

1  action insulted plaintiff because it was unconstitutional and violated HUD rules and due process.

2  Such action would diminish plaintiff's constitutional rights if plaintiff signed the written

3  contract, as the contract was meant to terminate his tenancy, and was an action not following due

4  process to evict plaintiff from a federally supported housing program.  Plaintiff is informed and

5  believes and therefore alleges that the written contract was unconstitutional, and he could not

6  afford to pay the three hundred dollar ($300.00) legal costs to reimburse defendants for the

7  unlawful detainer action, and plaintiff refused to sign it. This constitutes the third act of

8  retaliation

9      30.      The defendants attempted to evict plaintiff illegally prior to his two year      , rent

10  subsidy from the VA ending, and the contract was used as a "tool of harassment" to do it. The

11  contract  insulted plaintiff because it was being used to try to trick and  coerce plaintiff out of his

12  apartment, and because <u>defendants were exploiting plaintiff's financial, psychological and</u>

13  <u>homeless status,</u> and figured if they waited until the right time and offer plaintiff the contract he

14  would be so desperate to stay he would sign it. When he refused to sign it, they served the

15  unlawful detainer on him.

16      31.      Plaintiff is informed and believes and therefore alleges that when the defendants

17  offered the contract to plaintiff they violated plaintiff's Fifth and Fourteenth Amendment Rights,

18  which violated due process laws when they did not follow proper procedures (or used improper

19  procedures) to evict him and/or terminate his tenancy.

20      32.      .Plaintiff alleges that the May 3, 2006 contract also violated HUD rules as it

21  relates to his lease. In section nine (9), Termination of Tenancy, in plaintiff's lease, it states: Any

22  termination of this Agreement by the agent must be carried out in accordance with APC Property

23  Management Standards, HUD regulations, state and local law, and the terms of this agreement.

24      33.      Defendants were not in accordance with HUD regulations when they offered

25

**COMPLAINT**

8

1   plaintiff the contract because it was an attempt to coerce and intimidate plaintiff out of his

2   apartment, and terminate his tenancy.

3       34.    Thereafter, on or about May 5, 2006, upon not signing the subject written contract

4   presented by defendants, defendants formally served plaintiff with the unlawful detainer

5   complaint.   Plaintiff is informed and believes and thereon alleges that the serving of the

6   summons and complaint was in retaliation for (1) Plaintiff exercising his right as a tenant to

7   retain possession of the premises, (2) Plaintiff exercising his right to a reasonable

8   accommodation, (3) Plaintiff's refusal to sign the written contract violating HUD rules and

9   regulations, (4) Plaintiff's informing fellow tenants of their rights and exposing Defendants'

10  illegal actions, and (5) Plaintiff's complaints about harassment from the agents and employees of

11  Defendants.   This constitutes the fourth act of retaliation.

12      35.    Plaintiff is informed and believes and therefore alleges that defendants' reason to

13  evict – which was for plaintiffs' nonparticipation in defendants case management services is a

14  cover-up, and an invalid reason, in that, defendant's manipulated "case management services"

15  and used it as a pretext to mask their discriminatory intent. The defendants used it as a cover-up

16  to unlawfully evict plaintiff and other tenants/veterans who are residing in defendant's

17  transitional housing program, in the event defendants could not legally evict plaintiff and other

18  tenant/veterans for any other reason.   The Defendants' primary motive for evicting the

19  tenant/veterans is to ensure that they have vacated the premises prior to their twenty four (24)

20  rent subsidy from the VA expiring. Plaintiff alleges that the defendants use these methods

21  because they find it easier than doing their duties, rather than; using the proper procedures to

22  assist the veterans to transcend to a permanent housing situation, as they are required to do, and

23  funded by the government and private sources to do. It has become a habitual procedure for

24  defendants to use these tactics. The defendants use the veterans to obtain their funding for their

25

**COMPLAINT**                                                                    9

1   program, but then deprive the veterans by illegally evicting them before their twenty-four (24)

2   month subsidy expires. The defendants coerce the tenant/veterans out of their apartments

3   because they are afraid that the tenant/veterans will overstay their 24 month term., and/or in

4   retaliation when the tenant/veteran exercises their constitutional rights to stay after the

5   defendants attempt to force them out of their apartments prior to their VA subsidy ending,

6   among other things. Once the defendants inform the tenant/ veteran he has to leave without good

7   cause and prior to his term ending, and the tenant/veteran then refuses to leave and exercises his

8   right to remain in possession of the premises, the defendants retaliate by serving termination

9   notices and unlawful detainers. This is how the defendants manage to force the tenant/veterans

10  out, which helps them to manage their program pursuant to their unfair discretion. The

11  defendants are not allowed by law to evict the tenant/veteran or any tenant illegally. Therefore,

12  plaintiff claims that his purported "non-participation" in case management services was not

13  defendant's primary motive to evict plaintiff. Defendants first primary motive to evict plaintiff

14  was defendants; (1) wanting plaintiff to vacate the premises prior to or by the end of the twenty-

15  four month term in which the Veterans Administration (VA) agrees to subsidize the plaintiff's

16  rent; (plaintiff being a U.S. Veteran residing in defendant's housing and participating in

17  defendant's VA supported Transitional housing program). (2) Defendants second primary motive

18  to evict plaintiff was defendants anger and retaliation against plaintiff, for plaintiff exercising his

19  rights to retain possession of the premises, under his lease, and pursuant to §1942.5(a). (3)

20  Defendants also knew they issued plaintiff a month-to month lease with no limitation on the

21  length of his term, and for the reasons herein, among other things, defendants were desperate to

22  recover possession of the premises, and initiated unlawful actions against plaintiff to do so,

23  mainly because they wanted plaintiff to stop exposing their illegal evictions and informing other

24  tenants of their rights. Defendants were afraid because plaintiff's lease was month to month, it

25

**COMPLAINT**                                                                                    10

1  would be harder to evict him, and they simply just wanted to get rid of him, because in their

2  mind, plaintiff was a trouble maker.

3      36.    Defendants also knew that they could legally recover possession of the premises

4  after plaintiff's twenty-four month rent subsidy from the VA expired. Defendants instead

5  harassed plaintiff and attempted to force and/or coerce plaintiff out of the premises, prior to his

6  twenty-four month subsidy ending.   Defendant's actions were in retaliation against plaintiff,

7  because he stated that he would exercise his rights as a tenant, including his right to stay, among

8  other things. Defendants then continued to retaliate against plaintiff when he exercised his right

9  to stay.

10     37.    Defendants also knew that even if plaintiff was bound by any provision in his

11  lease to participate in defendant's Case Management Services Program, defendants could not

12  evict plaintiff on those grounds because it would be deemed by HUD rules and regulations as a

13  minor violation.  According to HUD Occupancy Handbook 4350.3 REV-1, Chapter 8, Section

14  3: Termination of Tenancy by Owners, 8-13, (4.), in order for a tenant residing in a PHA to

15  be evicted for a minor violation, the violation to warrant the eviction must be repeated

16  numerous times, and documented with signed notices and or agreements as serious enough to

17  warrant his eviction. Defendants failed to adhere to the rules and regulations of HUD, and

18  California Federal Regulations because they moved to evict plaintiff on these grounds by

19  filing the unlawful detainer action against plaintiff, prior to exhausting other required remedies.

20  Defendants knew that if the plaintiff was bound by the provision, plaintiff did not commit the

21  required acts to justify "non participation" or it did anything serious enough to warrant his

22  eviction.. It is a misrepresentation of material fact, to lead plaintiff to believe he can be

23  evicted because he failed to participate, when he in actuality did participate, and/or did not do

24  anything considered to be "non participating. Plaintiff is also informed believes and therefore

25  alleges that between 2004 and 2006, defendants filled approximately 20-25 unlawful detainer

**COMPLAINT**                                                                        11

1  against the tenant/veterans residing at Dignity commons, some allegedly for non- participation in

2  case management services.

3      38.    Plaintiff alleges that defendant's retaliatory acts included fraud and intentional

4  deceit because defendants not only attempted to evict plaintiff for retaliatory reasons, ***defendants***

5  ***also utilized fraudulent and deceitful means in their attempt to evict plaintiff from his***

6  ***apartment*** or from the premises located at 2300 Moonlight Terrace, Alameda, CA.

7      39.    Plaintiff alleges that defendants evicting him on the grounds they claimed were

8  invalid, and defendants leading plaintiff to believe he could be evicted on those grounds, when

9  he could not be, is a misrepresentation or representation, and of which is just one part of a series

10  of representations or misrepresentations in this case.

11      40.    Defendants informing plaintiff that he was in violation of his lease for

12  nonparticipation in case management services, and that he was to be evicted on those grounds,

13  and on the grounds that his tenancy was limited to eighteen months, was a misrepresentation of

14  material fact, ***made with the intent to deceive and defraud plaintiff into believing that he was***

15  ***wrong and defendants had a legal right to evict him.***

16      41.    Defendants also ***insisted*** that plaintiff's lease did contain a contract or provision

17  requiring him to participate in case management services, and did contain an eighteen month

18  limitation on his tenancy, when in actuality ***they knew it did not.***

19      42.    Plaintiff entered into an agreement ( a lease and contract) with defendants that

20  did not include any provision requiring him to participate in case management services, (as that

21  provision was included in some of the other tenants leases residing at Dignity Commons).

22  Defendants can not include that provision in plaintiff's lease by writing it in or verbally

23  implying that it is in his lease, nor evict plaintiff on those grounds, especially after both

24  parties signed a contract that did not include that provision initially.

25

**COMPLAINT**

12

43.    On or ab    July 5, 2006, during plaintiff's pre tri    onference regarding the

unlawful detainer action filed against plaintiff as alleged in this complaint, defendants presented

a fraudulent lease to plaintiff and plaintiff's attorney that plaintiff did not sign or was bound to.

The lease presented was dated August 17, 2004, and contained provisions requiring plaintiff

to participate in defendants' case management services program, and limited his tenancy to

eighteen months.

44.    Defendant's attempt to submit fraudulent lease as plaintiff's lease to the court was

despicable conduct done with malice. Defendants attempted to defraud and deceive plaintiff, his

attorney and the court, as this was an intentional misrepresentation of material fact. The lease

presented was dated August 17, 2004, when in actuality there was never any lease executed

between plaintiff and defendants on August 17, 2004, or any other time. The only lease ever

executed between defendants and plaintiff was the lease agreement on June 28, 2004, and dated

June 28, 2004. Plaintiff entered into possession of the premises on or about August 17, 2004, but

executed the lease on June 28, 2004.

45.    Thereafter, on or about July 5, 2006, at the commencement of plaintiff's pre-

conference settlement, defendants agreed to dismiss the subject unlawful detainer complaint

against plaintiff, although, plaintiff discovered months later that the defendants informed the

court on July 5, 2006 that they were going to file a dismissal in plaintiff's behalf regarding the

unlawful detainer complaint defendants filed against him, Defendants did not file the dismissal.

This action is yet another intentional misrepresentation, in that, it was a promise made with no

intention of keeping

46.    Plaintiff is informed and believes and thereon alleges that defendants, and each of

them, failed to terminate his tenancy prior to defendants filing the unlawful detainer action

against plaintiff. Defendants proceeded to unlawfully evict plaintiff, knowing such action was

unlawful and without legal merit, and defendants did not follow due process to evict plaintiff.

**COMPLAINT**                                                                                   13

47.    Defendants want to be perceived as "good corporate citizens' who help homeless veterans when in actuality Defendants are deceiving and defrauding the veterans that participate in their programs, and Defendants are also deceiving and defrauding the VA and the public. Defendants are using homeless U.S. Veterans to obtain funding from the government, public and private sources, but the veterans are being subjected to intentional discrimination and being deprived and denied the full benefits and reasonable accommodations they are entitled to from the Defendants' program.

48.    Defendants attempt to recover possession from plaintiff violated **the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617,** as defendants terminated plaintiff's tenancy in retaliation for his exercising his legal rights regarding tenancy.  Plaintiff is therefore entitled to statutory damages, costs and an award of attorney fees.

49.    As a direct and proximate result of the retaliatory actions of defendants, and each of them, plaintiff was required to retain an attorney to represent him in the unlawful detainer action at a cost of $200.00.

50.    As a further direct and proximate result of defendants' outrageous conduct, plaintiff has suffered and continues to suffer great anxiety, mental anguish, embarrassment, anger, and loss of enjoyment of life, injury to reputation, humiliation and severe emotional distress in an amount to be determined at trial.

51.    The retaliatory actions of defendants, as alleged in this complaint were oppressive and malicious within the meaning of Civil Code section §3294 in that such actions constituted despicable conduct which subjected plaintiff to cruel and unjust hardship and a willful and conscious disregard for plaintiff's rights and safety hereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to **42 U.S.C.A. §3613 (c) (1).**

52.    Plaintiff is entitled to recover prevailing party attorney's fees pursuant to **42 U.S.C.A. §3613 (c) (2) and** by other statutory entitlements.

**COMPLAINT**

14

**WHEREFORE**, Plaintiff FOSTER prays for judgment against defendants, and each of them, as more fully set forth below.

## SECOND COUNT
### Failure to Reasonably Accommodate
### Violating the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3604 3(B)
### THREE VIOLATIONS
### Against all Defendants
### First Violation

53.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 52 as though fully set forth herein.

54.     Defendants retaliatory and other illegal actions to attempt to evict Plaintiff from the premises, upon Plaintiff exercising his constitutional rights to remain in possession of the premises, interfered with the exercise of Plaintiff's constitutional rights, in that plaintiff was denied a reasonable accommodation.

55.     Statute **42 U.S.C.A. §3604 3(B)  a refusal to make reasonable accommodations in rules,** policies, practices,  when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling

56.     Plaintiff is informed and believes and thereon alleges that he was discriminated against by Defendants on the **basis of his disability, violating 42U.S.C.A. §3604 3(B, as this constitutes the first violation.** Specifically, Plaintiff is subject to arbitrary discrimination because of Plaintiff's personal characteristic: being a mentally disabled, homeless veteran. Defendants' actions attempting to unlawfully evict Plaintiff dictate; Defendants failing to reasonably accommodate plaintiff due to his disability.  Defendants knew plaintiff was on disability and knew that by attempting to illegally evict him they were failing to reasonably accommodate him.  Plaintiff was determined unfit to work due to a mental/psychological injury he endured from his employer between February and March 2006, and on April 4, 2006, he was

**COMPLAINT**                                                                 15

certified by his doctor to receive state disability payments. Although the defendants filed the Unlawful Detainer action against plaintiff on March 30, 2006, they did not serve the summons and UD action until May 5, 2006. Defendants received information that plaintiff was receiving state disability prior to May 5, 2006 from various numerous communications, but still proceeded to evict plaintiff.

57.    Defendants took advantage of, or abused plaintiff while he was mentally disabled and a homeless veteran. The Defendants did not anticipate that Plaintiff would discover and uncover Defendants' illegal discriminatory and retaliatory acts, nor did Defendants expect Plaintiff to first; realize what his rights were and second; fully exercise his rights to remain in possession of the premises. Defendants expected plaintiff not to be able to know how to defend himself because of his mental disability and at the time his "mentally depressed state of mind" and/or his psychological vulnerability and emotional stress due to his homeless status.

58.    Plaintiff alleges that the defendants considered him a second class citizen and one who can not afford to properly defend himself. Defendants expected plaintiff to vacate the premises without resisting, due to the reasons mentioned above, and the harassment that the Defendants were subjecting plaintiff too. The Defendants profiled Plaintiff as under-privileged and a depressed victim that is unfocused. Defendants were depending on Plaintiff being without financial resources, down and in such a depressed state of mind that Plaintiff will not be able to, or know how to pursue his legal rights.

59.    When the defendants attempted to evict plaintiff without proper cause and without following due process, they violated the FHA, because they refused to make a reasonably accommodation in their rules, policies, practices and services when they could have or should have, as it was necessary to afford plaintiff, as a handicapped person, an equal opportunity to the use and enjoyment of his apartment. Pursuant **to 24CFRCh.IX 966.7(a) (b),** A PHA such as Operation Dignity, Inc. is required to provide a notice to each tenant that the tenant may, at

**COMPLAINT**                                                                              16

1    any time during the tenancy, request reasonable accommodation of a handicapped household

2    member, including reasonable accommodation so that the tenant can meet lease requirements or

3    other requirements of tenancy. Plaintiff never received such notice neither did any other of the

4    tenant/veterans, and was denied the right to know he was entitled to a reasonable accomodation.

5        60.    The defendants are a Public Housing Assistance Program, and it is funded by the

6    Veterans Administration, and public and private sources, therefore, Operation Dignity

7    (especially) must follow due process pursuant to government and state laws when terminating

8    their tenancies. The defendants are in a position where they must not fail to reasonably

9    accommodate any disabled tenants. It was not necessary for the defendants to evict plaintiff

10   before his two year subsidy from the VA expired, nor did they have the right to evict plaintiff for

11   the reasons that they did. Defendants knew plaintiff was receiving state disability payments and

12   not working because of his disability. Pursuant to **24 CFR ChVIII 880.603(c)**, a PHA is

13   required to reexamine the income and composition of all families at least every twelve months,

14   which means they have a responsibility to know the status and source of their tenant's income.

15       61.    Defendants also knew that they could legally recover possession of the premises

16   after plaintiff's twenty-four month rent subsidy from the VA expired. Defendants instead

17   harassed plaintiff and attempted to force and/or coerce him out of the premises, prior to his

18   twenty-four month subsidy ending.

19       62.    Defendants receive over sixty-five (65%) of plaintiff's monthly rent from the VA,

20   which the VA pays for at least 24 months. The balance is paid by plaintiff. The defendants would

21   not have been affected financially by allowing plaintiff to remain in his apartment; at least until

22   his two year subsidy had expired.

23       63.    Defendants insisted on terminating his tenancy for retaliatory reasons and ignored

24   his mental disability. The defendants were willing to evict plaintiff regardless of his disabled

25   position. Defendants' actions also aggravated plaintiff's already "mentally depressed state",

**COMPLAINT**                                                                    17

1  during that time.  This demonstrates the defendants "conscious disregard of the rights and safety

2  of others".

### Second Violation
### Failure to Reasonably Accommodate

3

4  64.    Plaintiff is also informed and believes and thereon alleges that he was

5  discriminated against by defendants on the basis of his **"Handicapped Homeless Veteran"** status,

6  violating **42U.S.C.A. §3604 3(B), as this constitutes the second violation.**

7  65.    Plaintiff alleges and therefore believes that because he was a "homeless veteran",

8  he is part of a group that is in a "protected class, due to homeless veterans being classified as

9  handicapped under the FHAA.  See *42 U.S.C. § 3602*(h) (defining "handicap"). Defendants' acts

10  constitute another form of arbitrary discrimination against plaintiff and other (handicapped)

11  homeless veterans, as defendants discriminated against them by failing to reasonably

12  accommodate them  when they illegally evicted plaintiff and the other tenant/veterans in their

13  "handicapped homeless status".

14  66.    Plaintiff is informed and believes and therefore alleges and therefore that he and

15  the other Tenant veterans are considered handicapped and meet the requirements above as being

16  qualified as handicapped under the FHAA.  Plaintiff and other tenant/veterans have received

17  disparate and discriminatory treatment from defendants compared to treatment of tenants in other

18  PHA's, as the disparate treatment has a discriminatory effect on homeless handicapped veterans.

19  **WHEREFORE**, Plaintiff FOSTER prays for judgment against defendants, and each of

20  them, as more fully set forth below.

21

### THIRD COUNT
### Violation of Section 794 of the Fair Housing and Rehabilitation Act;
### Violating the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3604 3(B)
### Third Violation of Failure to Reasonably Accommodate
### Against all Defendants

22

23

24

25

COMPLAINT

18

67.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 66 as though fully set forth herein.

68.    Plaintiff is informed and believes and therefore  alleges that the defendants violated **Section 794 of the Fair Housing Act and** Rehabilitation Act ("Rehab Act") which provides, in relevant part, that  no otherwise qualified individual with a disability in the United States . . . shall, [**19]  [*800] solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

69.    *29 U.S.C. § 794(a) (1996).* The Rehab Act defines "qualified individual with a disability" as one who " (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." *29 U.S.C. § 706(8)(B).*

70.    Plaintiff is informed and believes and therefore alleges that defendants violating the Rehab Act is also a violation of <u>**42 U.S.C.A. §3604 3 (B), failing to reasonably accommodate.**</u>

71.    Plaintiff is informed and believes and therefore alleges  that he and the other Tenant veterans are considered handicapped and meet the requirements above as being qualified as handicapped under the FHAA.  Plaintiff and other tenant/veterans have received disparate and discriminatory treatment from defendants compared to treatment of tenants in other PHA's,  as the disparate treatment has a discriminatory effect on homeless handicapped veterans.

72     Defendants also knew that they could legally recover possession of the premises after plaintiff's twenty-four month rent subsidy from the VA expired. Defendants instead harassed plaintiff by attempting to force and/or coerce him out of the premises, prior to his twenty-four month subsidy ending.

73.    Defendants' program is federally assisted and defendants receive over sixty-five

**COMPLAINT**

1  (65%) of the plaintiff's monthly rent from the VA, which the VA pays for at least 24 months.

2  The balance is paid by the plaintiff. The defendants would not have been affected financially by

3  allowing plaintiff to remain in his apartment, at least until his two years had expired.

4        74.    Defendants insisted on terminating plaintiff's tenancy for retaliatory reasons and

5  ignored his disability status. The defendants were willing to evict plaintiff regardless of his

6  disabled and homeless status. Defendants' actions also aggravated plaintiff's already "mentally

7  depressed state", during that time.  This demonstrates the defendants "conscious disregard of the

8  rights and safety of others".

9  **WHEREFORE**, Plaintiff FOSTER prays for judgment against defendants, and each of them, as

10  more fully set forth below.

## FOURTH COUNT

### Due Process Violations  pursuant to PHA under Housing Act., 42 U.S.C.A §1983; United States  Housing Act of 1937, §2, as amended, 42 U.S.C.A  §1437

### FOUR VIOLATIONS

#### Against all Defendants

15        75.    Plaintiff incorporates by reference each and every allegation set forth in

16  paragraphs 1 through 74 as though full set forth herein.

17        76.    Plaintiff is also informed and believes and thereon alleges that the defendants

18  violated plaintiff 5th and 14th amendment rights of due process, violating **42 U.S.C.A §1983;**

19  **United States Housing Act of 1937, §2, as amended, 42 U.S.C.A §1437.**

20        77.    Specifically; defendants did not follow proper procedures to terminate plaintiff's

21  tenancy, committing four violations of due process, which include the following. **(1)** Defendants

22  are guilty of serving Plaintiff an improper 30 day termination notice, as alleged in this complaint,

23  **as this act constitutes the first violation.** The 30 day termination notice omitted the clause

24  informing Plaintiff that he has a ten day opportunity to grieve and/or resolve the termination

25  matter with the landlord, this act violates section **24 CFR CHVIII, 880.60 (C),** ,

**COMPLAINT**                                                                      20

1  **24CFRCHIX 966.4(3)(ii),** and (2)Defendants are guilty of denying Plaintiff his entitled

2  grievance hearing to discuss the termination matter with the landlord, **as this act constitutes the**

3  **second violation.** This act violates section **24 CFRCHIX 966.4(3)(iv)** and (3) Defendant's

4  offering of the written contract, as alleged in this complaint, and retaliation against plaintiff upon

5  Plaintiff not signing and agreeing to Defendant's written contract, **as this act constitutes the**

6  **third violation.** This act was meant to intimidate and coerce plaintiff into waiving his

7  constitutional rights, as this act is also a violation of **42 U.S.C.A. §3617, because it was another**

8  **interference of plaintiff's rights,** and (4) On July 12, 2006, during the Plaintiff's pre-conference

9  settlement, regarding the unlawful detainer action filed against Plaintiff, as alleged in this

10  complaint, Defendants' attorney presented to Plaintiff's attorney a fraudulent lease that Plaintiff

11  did not sign or was bound to, **as this act constitutes the fourth violation.** The lease presented

12  was dated August 17, 2004 and contained provisions requiring Plaintiff to participate in

13  Defendant's case management services program, and limiting plaintiff's tenancy to 18 months.

14  Defendants were hoping that Plaintiff would not remember the lease he actually signed and was

15  bound too. Defendants attempted to use fraudulent means to evict plaintiff from the premises.

16  Defendants went as far as attaching the back page of the lease that Plaintiff actually did sign to

17  the fraudulent lease that plaintiff did not sign. Defendants knew that they had issued Plaintiff a

18  month-to-month lease that did not contain any provisions relative to requiring plaintiff to

19  participate in Defendants' case management services program, nor did it limit Plaintiff's tenancy

20  to any specified months or years. Defendant's attempt to use fraudulent means to evict plaintiff

21  shows that defendants knew that the reason they were attempting to evict Plaintiff was an invalid

22  reason, therefore Defendants knew that they had not stated a cause of action to evict Plaintiff, but

23  still proceeded to do so. **This act also constitutes another violation of 42 U.S.C.A. §3617, as it**

24  **was another interference of plaintiff's rights.**

25

**COMPLAINT**                                                                        21

78.    Defendant's attempt to submit the fraudulent lease as plaintiff's lease to the court was despicable conduct done with malice. Defendants attempted to defraud and deceive plaintiff, his attorney and the court, as this was an intentional misrepresentation of material fact. The lease presented was dated August 17, 2004, when in actuality there was never any lease executed between plaintiff and defendants on August 17, 2004, or any other time. The only lease ever executed between defendants and plaintiff was the lease agreement on June 28, 2004, and dated June 28, 2004. Plaintiff entered into possession of the premises on or about August 17, 2004, but executed the lease on June 28, 2004.

79.    As a direct and proximate result of Defendant's interference with Plaintiff's constitutional rights and full and equal accommodation and service in Defendants' business establishment by Defendant, Plaintiff has suffered general damages in an amount to be determined at proof at trial.

80.    As a further direct and proximate result of the wrongful acts of Defendants, Plaintiff is in addition entitled to recover all statutory civil penalties.

81.    The above related actions of the defendants were done with malice, fraud or oppression and in reckless disregard of the Plaintiff's rights. Specifically; (1) Defendants knew that their actions and conduct were despicable and was intended to cause injury to Plaintiff. Defendants were willful and conscious, knowing that Plaintiff had a right to remain in possession of the premises, and had a right not to participate in Defendant's case management services program, therefore, Defendants knew that they had failed to state a cause of action to evict plaintiff, prior to defendants filing the Unlawful Detainer action against Plaintiff. Defendants knew that they were subjecting Plaintiff to cruel and unjust hardship, in conscious disregard of plaintiff's rights. Defendants also knew that they were especially subject to and were violating federal and state housing laws because they are a PHA program receiving public and federal funds participating in a VA subsidized housing program.

**COMPLAINT**                                                                                    22

**WHEREFORE**, Plaintiff FOSTER prays for judgment against Defendants, and each of them, as more fully set forth below.

### FIFTH COUNT
### [Breach of Covenant of Good Faith and Fair Dealing]
### Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A. §3613(c)
### Against all Defendants

82.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 81 as though full set forth herein.

83.     Plaintiff is informed and believes and therefore alleges that in assuming the landlord-tenant contracted relationship with Plaintiff, Defendants covenanted to deal with Plaintiff in good faith.

84.     Plaintiff is informed and believes and therefore alleges that Defendants committed a breach of the covenant of good faith and fair dealing with Plaintiff, which covenant is implied into every residential rental contract in California.

85.     By reason of the Defendants actions as alleged herein, including but not limited to Defendants unlawful efforts to evict Plaintiff, all in a concerted effort to recover possession of Plaintiff's home, is in violation of **42 U.S.C.A. §3613(c).** . Damages action under Fair Housing Act sounds basically in tort; statute merely defines new legal duty; and authorizes courts to compensate plaintiff for injury caused by defendants' wrongful breach. Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A. **§3613(c).**

86     .The defendants entered into a contract with plaintiff in the form of a month to month lease, and violated the covenants of good faith and fair dealing when they used unlawful means to evict plaintiff, such as, (1) serving plaintiff an improper 30 day termination notice, as alleged in this complaint. The 30 day termination notice omitted the clause informing plaintiff that he had a ten day opportunity to grieve and/or resolve the termination matter with the landlord, this act violates section 24 CFR CHVIII, 880.607©, FEHA Section 12955,

**COMPLAINT**

23

1  24CFRCHIX 966.4(3)(ii), Civil Codes 52(a), 52.1(a), 52.1(b), and (2)Defendants are guilty of

2  denying plaintiff his entitled grievance hearing to discuss the termination matter with the

3  landlord, this act violates section 24 CFRCHIX 966.4(3)(iv), FEHA 12955(f), Civil Code 52(a)

4  and (3) Defendant's offering of the written contract, as alleged in this complaint, and retaliation

5  against plaintiff upon him not signing and agreeing to Defendant's written contract, this act was

6  meant to intimidate and coerce plaintiff into waiving his constitutional rights,  and unjustly

7  terminate his tenancy,  and  4) When the defendants attempted to submit a fraudulent lease in

8  court it was a despicable act, in that, the purpose was to deny plaintiff the opportunity to exercise

9  his rights under his true lease, and terminate his tenancy  illegally, and 5) the defendants are

10  guilty of evicting plaintiff for a invalid and fraudulent reason.

11      87.    Due to the breach being tortious in nature, plaintiff is entitled to emotional stress,

12  economic and punitive damages.

13      88.    As a direct and proximate result of said breach, Plaintiff has suffered the actual,

14  special and general damages as alleged, and which are incorporated herein by this reference, and

15  seek recovery of the same, and for an award of costs and reasonable attorney fees.

16      89.    Plaintiff is informed and believes and therefore alleges that the endeavor to

17  recover possession of the premises by Defendants was in conscious disregard of the Plaintiff's

18  legal rights, and was willful, oppressive, and malicious; and designed to cause Plaintiff to suffer

19  economic and emotional injury. Plaintiff is therefore entitled to an award of exemplary and

20  punitive damages against Defendants, in an amount to be determined at trial.

21  Wherefore Plaintiff prays for judgment against Defendants, and each of them, as more fully set

22  forth below.

23                    **SIXTH COUNT**

24                 **[Breach of Contract]**

25       **Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A. §3613(c)**

COMPLAINT                                                                24

**Against all Defendants**

90.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 89 as fully set forth herein.

91.    By illegally attempting to evict plaintiff, for retaliatory reasons, as well as using fraudulent and deceitful means, and by discriminating against plaintiff, defendants, and each of them, have breached their contract with plaintiff, violating the **Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A. §3613(c), 42 U.S.C.A. §3617, as it was another interference of plaintiff's rights.**

92.    Plaintiff is also informed and believes and thereon alleges that the defendants breached their contract with him when they wrongfully evicted plaintiff and discriminated against him, as plaintiff had a lease agreement with the defendants.

93.    Section 7. **DISCRIMINATION PROHIBITED** of plaintiff's lease with the defendants state: " The Owner and its agent agree not to discriminate upon, race, color, creed, national origin, sex, age, **handicap, membership in a class, such as unmarried mothers or fathers, or recipients of public assistance**, or because there are children in the family.

94.    Section 9 TERMINATION OF TENANCY of plaintiff's lease with the defendants' states: " Any termination of this Agreement by the agent must be carried out in accordance with APC Property Management Standards, **HUD regulations, state and local laws, and the terms of this agreement."**

95.    As the result of defendants' breach of contract, plaintiff has suffered damages as alleged herein. Plaintiff is therefore entitled to an award of exemplary and punitive damages against defendants, in an amount to be determined at trial.

96    .Wherefore plaintiff prays for judgment against defendants, and each of them, as more fully set forth below.

**SEVENTH COUNT**

COMPLAINT                                                                                      25

**Violating the Americans with Disabilities Act of 1990, 307(7)(B), 42 U.S.C.A. 1218(7)(B)**

**Against all Defendants**

97.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 96 as though fully set forth herein.

98.    Plaintiff is informed and believes and thereon alleges that he was discriminated against by Defendants on the **basis of his disability, violating** the Americans with Disabilities Act of 1990, 307(7)(B), 42 U.S.C.A. 1218(7)(B) and 42U.S.C.A. §3604 3(B) **refusing to make reasonable accommodations in rules**, policies, practices, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

99.    Specifically, Plaintiff is subject to arbitrary discrimination because of Plaintiff's personal characteristic: being a mentally disabled, homeless veteran. Defendants' actions attempting to unlawfully evict Plaintiff dictate; Defendants failing to reasonably accommodate plaintiff due to his disability. Defendants knew plaintiff was on disability and knew that by attempting to illegally evict him they were failing to reasonably accommodate him. Plaintiff was determined unfit to work due to a mental/psychological injury he endured from his employer between February and March 2006, and on April 4, 2006, he was certified by his doctor to receive state disability payments. Although the defendants filed the Unlawful Detainer action against plaintiff on March 30, 2006, they did not serve the summons and UD action until May 5, 2006. Defendants received information that plaintiff was receiving state disability prior to May 5, 2006 from various numerous communications, but still proceeded to evict plaintiff.

**WHEREFORE**, Plaintiff FOSTER prays for judgment against defendants, and each of them, as more fully set forth below.

**EIGHTH COUNT**

**Violation of the  Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1979: ch 121 1/2 par.262)due to**

COMPLAINT

26

1    **Violating the Americans with Disabilities Act of 1990, 307(7)(B), 42 U.S.C.A. 1218(7)(B)and**

2    **the Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617, Civil Rights Act of 1968, § 817, 42**

3    **U.S.C.A. §3604 3(B), 42 U.S.C.A. §3613(c), 42 U.S.C.A. §3617,**

**Against all Defendants**

4    100.    Plaintiff incorporates by reference each and every allegation set forth in

5    paragraphs 1 through 99 as though fully set forth herein.

6    101.    Plaintiff is informed and believes and thereon alleges that due to the defendants

7    being classified as a Business establishment under the Unruh Civil Rights Act and defendants

8    committing multiple violations **of the FHAA against plaintiff and other tenant/veterans,**

9    **defendants' violated the Consumer Fraud and Deceptive Practices Act.**

10    102.    Plaintiff and other tenant/veterans have received disparate and discriminatory

11    treatment from defendants compared to treatment of tenants in other PHA's, as the disparate

12    treatment has a discriminatory effect on homeless handicapped veterans.

13    103.    Plaintiff alleges that defendants defrauded the Department of Housing and Urban

14    Development, the Veterans Administration, U.S. States Veterans, and the Alameda Superior

15    Court, by initiating an ongoing pattern of intentional discrimination against U.S. Veterans.

16    Defendants manipulated HUD's and its PHA's required self sufficiency program, committed

17    fraudulent and retaliatory evictions against U.S. veterans, and violating due process laws, among

18    other things.

19    **WHEREFORE,** Plaintiff FOSTER prays for judgment against defendants, and each of

20    them, as more fully set forth below.

21    **NINTH COUNT**

22    **[Intentional Infliction of Emotional Distress]**
**Violating the Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A. §3613(c)**

23    **Against all Defendants**

24    104.    Plaintiff  incorporates  by  reference  each  and  every  allegation  set  forth  in

25

COMPLAINT                                                                        27

1    paragraphs 1 through 102 as though fully set forth herein.

2        105.    Defendant's continued retaliatory actions to attempt to evict Plaintiff as alleged in

3    this complaint were knowing, intentional and willful and done with reckless disregard of the

4    probability of causing plaintiff emotional distress.

5        106.    As a proximate result of defendant's conduct, as alleged in this complaint,

6    Plaintiff suffered extreme mental anguish and emotional distress in the form of humiliation,

7    mental anguish, anxiety, worry, disappointment and alienation that interfered with Plaintiff's

8    quiet enjoyment. Plaintiff was worried and anxious about whether he was going to lose his home.

9    The acts of defendants injured plaintiff in mind and body, violating the **Civil Rights Act of**

10   **1968, 813 (c) as amended, 42 U.S.C.A. §3613(c),which allows FHA plaintiff in private action**

11   **to seek  actual and punitive damages which  include damages for  emotional distress,**

12   **humiliation,  and mental anguish.**

13       107.    The retaliatory actions of the Defendants, as alleged in this complaint were

14   oppressive, malicious and outrageous, and were done in reckless conscious disregard of

15   plaintiff's rights and safety. The defendants' acts were intentional violations of federal law. The

16   defendants were standing in a position of authority over Plaintiff, and acted with the intent to

17   damage plaintiff and to cause Plaintiff severe emotional and physical distress. Defendants abused

18   the Landlord/Tenant relationship with plaintiff. Defendant's conduct was done knowingly and

19   willfully in violation of the **Civil Rights Act of 1968, 813 (c) as amended, 42 U.S.C.A.**

20   **§3613(c) Civil Rights 275(1) California Civil Code §, 42 U.S.C.A §1983; United States**

21   **Housing Act of 1937, §2, as amended, 42 U.S.C.A §1437, Civil Rights Act of 1968, § 817, 42**

22   **U.S.C.A. §3604 3(B), Civil Rights Act of 1968, § 817, 42 U.S.C.A. §3617,  California Civil**

23   **Code 1942.5, Civil Codes §51, §51(f), §52, §52(a), §52.1(a), §52.1(b), FEHA §12955(f),**

24   **FEHA §12955(l), FEHA §12955(d), FEHA §12955(o), B&P 17200, 24 CFR CHVIII,**

25

**COMPLAINT**                                                                                    28

1   **880.607(c), 24CFRCHIX 966.4(3)(ii)**, among other violations, and Plaintiff is therefore entitled

2   to punitive damages in an amount to be determined by proof at trial.

3       **WHEREFORE**, Plaintiff FOSTER prays for judgment against Defendants, and each of

4   them, as more fully set forth below.

5                          <u>**PRAYER FOR RELIEF**</u>

6       **WHEREFORE**, Plaintiff FOSTER prays for judgment against Defendants, and each of

7   them, as more fully set forth below:

8       1.      For general damages, including emotional distress, according to proof;

9       2.      For statutory penalties and all relief allowed by statute according to proof;

10      3.      For punitive damages;

11      4.      For an award of attorney's fees;

12      5.      For pre-judgment interest at the legal rate according to proof;

13      6.      For costs of suit incurred;

14      7.      For such other and further relief as the court may deem proper.

15  Dated: *Sept 20, 2007*

16                                  *Mark S. Foster*

17                                  Mark Antoine Foster, In pro per

18

19

20

21

22

23

24

25

COMPLAINT                                                           29

# EXHIBIT "B"

*5525254*

1    Mark Antoine Foster, In Pro Per
     2300 Moonlight Terrace, Apt. A
2    Alameda, CA 94501
     (415) 756-1611
3

4

FILED
ALAMEDA COUNTY

FEB 26 2007

CLERK OF THE SUPERIOR COURT

BY _____
                        DEPUTY

5

6

7

8              SUPERIOR COURT OF CALIFORNIA

9           IN AND FOR THE COUNTY OF ALAMEDA

10              CIVIL UNLIMITED JURISDICTION

11

12   MARK ANTOINE FOSTER,

13        Plaintiff,

14        vs.

15   OPERATION DIGNITY, INC., a
     California Non-Profit corporation,
16   ALEX McELREE, an individual, WILLIAM
     KENNEDY, an individual, LINDA
17   GRIFFITH, an individual, and DOES 1
     Through 98,
18        Defendants

19   _____/

No. **RG06302322**

**AMENDED COMPLAINT**

1.    **Retaliatory Eviction;**
2.    **Interference with Exercise of
      Unruh Civil Rights;**
3.    **Fraud and Intentional Deceit;**
4.    **Breach of Covenant of Good
      Faith and Fair Dealing;**
5.    **Breach of Contract;**
6.    **Unlawful Business Practices in
      violation of B&P 17200; and**
7.    **Intentional Infliction of
      Emotional Distress.**

20        COMES NOW Plaintiff   **MARK ANTOINE FOSTER** and complains of Defendants

21   and each of them as follows:

22              <u>**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

23        1.    At all times herein mentioned, Plaintiff FOSTER is a resident of the City of

24   Alameda, County of Alameda, with his residence address being 2300 Moonlight Terrace, Apt. A,

25

COMPLAINT                                                                                    1

1  Alameda, California. Plaintiff took possession of his apartment on or about August 17, 2004 and

2  has continued in possession since that date.

3       2.     Plaintiff is informed and believes and thereon alleges that, at all times herein

4  mentioned, Defendant OPERATION DIGNITY, INC. (hereafter "OPERATION DIGNITY") is a

5  California non-profit corporation with its principal office located at 1504 Franklin Street,

6  Oakland, California. Defendant OPERATION DIGNITY owns, operates, leases, or manages

7  that certain apartment building located at 2300 Moonlight Terrace, Alameda, California, which is

8  commonly known as "Dignity Commons." Defendant OPERATION DIGNITY is Plaintiff's

9  landlord.

10       3.     Plaintiff is informed and believes and thereon alleges that, at all times herein

11  mentioned, Defendant ALEX McELREE, an individual, is the owner, officer, director,

12  employee, and/or agent of Defendant OPERATION DIGNITY. His principal place of business

13  is 1504 Franklin Street, Oakland, California.

14       4.     There exists, and at all times herein mentioned there existed, a unity of interest

15  and ownership between Defendants OPERATION DIGNITY and McELREE such that any

16  individuality and separateness between Defendants OPERATION DIGNITY and McELREE, as

17  owner, officer, director, or agent of Defendant OPERATION DIGNITY, has ceased. Defendants

18  are the alter egos of one another.

19       5.     Adherence to the fiction of separate existence between Defendants OPERATION

20  DIGNITY and McELREE as entities distinct from one another would permit an abuse of the

21  corporate privilege and would sanction fraud or promote injustice in that it would prevent

22  Plaintiff from pursuing claims for damages from all parties responsible for his injuries.

23       6.     Plaintiff is informed and believes and thereon alleges that Defendant WILLIAM

24  KENNEDY, an individual, was the employee, partner, and/or agent of Defendant OPERATION

25  DIGNITY. His principal place of business is 1504 Franklin Street, Oakland, California.

**COMPLAINT**                                                                                                    2

7.    Plaintiff is informed and believes and thereon alleges that Defendant LINDA GRIFFITH, an individual, was the employee, partner, and/or agent of Defendant OPERATION DIGNITY. Her principal place of business is 1504 Franklin Street, Oakland, California.

8.    Plaintiff does not know the true names of Defendants DOES 1 through 50 and therefore sues them by their fictitious names. Plaintiff will amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by these defendants.    Each reference in this complaint to "Defendant OPERATION DIGNITY," "Defendant McELREE," "Defendant KENNEDY," "Defendant GRIFFITH," "Defendant," "Defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

9.    At all times herein mentioned, each defendant was the agent, employee, partner, independent contractor, or joint venturer of each other defendant and was acting within the scope and authority of such relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein consented to, ratified, and authorized the acts herein alleged of each of the remaining defendants.

10.    At all times herein mentioned, each defendant operated and managed Dignity Commons and maintained control of Dignity Commons.

## FIRST CAUSE OF ACTION
### [Retaliatory Eviction pursuant to §1942.5 (c)]
### Against all Defendants

11.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 10 of this complaint as though fully set forth herein.

12.    This is an ~~unlawful eviction~~ matter stemming from defendants filing an unlawful detainer action against plaintiff on ~~March 30, 2006.~~

COMPLAINT

3

13.    Plaintiff brings this action as an affirmative cause of action for retaliatory eviction pursuant to section §1942.5(c) of the California Civil Code for; being retaliated against by defendants for plaintiff organizing and advocating lessee's rights, and informing other tenants of those rights, and for peaceably exercising his own rights under the law to retain possession of his apartment, among other things.

14.    California Civil Code section §1942.5 and common law, allows a tenant to bring forth two separate causes of action in an unlawful detainer action, in that, §1942.5(a) allows a tenant to; (1) bring forth retaliatory eviction as an affirmative defense in a unlawful detainer action, and §1942.5(c) allows a tenant to (2) bring forth retaliatory eviction as an affirmative cause of action, in that they are two separate causes of action, entitling a tenant to remedies and damages that are distinct and individual from each other, and for each cause of action.

15.    California Civil Code §1942.5 (h) states "The remedies provided by this section shall be in addition to any other remedies provided by statutory or decisional law".

16.    During the course of plaintiff's tenancy with defendants, defendants filed two (2) unlawful detainer actions against plaintiff, in both proceedings plaintiff brought forth retaliatory eviction as an affirmative defense, in order to retain possession of his apartment. The first unlawful detainer action, case number AG06262593 was filed on March 30, 2006 and was for plaintiff's purported nonparticipation in case management services. On or about July 5, 2006, during and at the commencement of plaintiff's pre-trial conference , defendants agreed to dismiss the case against plaintiff, and plaintiff retained possession of the premises at 2300 Moonlight Terrace in Alameda, California. The second unlawful detainer action, case number AG06279183 was filed on July 14, 2006 and was for plaintiff's alleged nonpayment of rent. At the commencement of plaintiff's pre-trial conference, defendants agreed to waive plaintiff's back rent from June 2006, if plaintiff would agree to vacate the premises by January 31, 2007.

**COMPLAINT**

4

1  Defendants' reason for terminating plaintiff's lease was that plaintiff's rent subsidy from the VA

2  expired. Plaintiff agreed to vacate. A stipulation regarding Dismissal/Judgment was agreed upon

3  by both defendants and plaintiff, resolving the rent and tenancy issues related to this unlawful

4  detainer action. This agreement settled the matter of plaintiff's retaliatory eviction as an

5  affirmative defense, pursuant to §1942.5(a).

6       17.     California Civil Code §1942.5(f)(1)(2) states "Any lessor or agent of a lessor

7  who violates this section shall be liable to the lessee in a civil action for all of the

8  following: (1) The actual damages sustained by lessee, and (2) Punitive damages in

9  amount of not less than one hundred dollars ($100) nor more than two thousand dollars

10  ($2,000) for each retaliatory act where the lessor or agent has been guilty of fraud,

11  oppression, or malice with respect to that act", (this being a remedy for plaintiff, for

12  defendants violating §1942.5(a)).

13       18.     Plaintiff alleges that, during the time of his tenancy, and at the commencement of

14  plaintiff's pre-conference settlements, relative to both unlawful detainer proceedings, plaintiff

15  did not enter into any agreements to waive his rights to bring forth retaliatory eviction as an

16  affirmative cause of action, pursuant to section §1942.5(c). Plaintiff brought forth retaliatory

17  eviction as an affirmative defense in both proceedings, pursuant to section §1942.5(a).

18       19.     California Civil Code §1942.5(d) states "Nothing in this section shall be

19  construed as limiting in any way the exercise by the lessor of his or her rights under any

20  lease or agreement or any law pertaining to the hiring of property or his or her right to do

21  any of the acts described in subdivision (a) or (c) for any lawful cause. Any waiver by a

22  lessee of his or her rights under this section is void as contrary to public policy".

23       20.     Furthermore, plaintiff alleges that res judicata would not apply to this case, and

24  this cause of action would not be barred by res judicata, because plaintiff is not "splitting" a

25  cause of action; due to plaintiff having two causes of action to claim, (1) retaliatory

COMPLAINT

1   eviction as an affirmative defense, and (2) retaliatory eviction as an affirmative cause of

2   action. The law does not require plaintiff to settle both causes of action at the same time, and/or

3   during any unlawful detainer proceedings

4        21.    Plaintiff also alleges that this cause of action would not be barred by

5   collateral estoppel, in that, plaintiff is not relitigating the issue of retaliatory eviction as an

6   affirmative defense. Plaintiff is litigating the new issue of retaliatory eviction as an affirmative

7   cause of action.

8        22.    On or about June 28, 2004, plaintiff entered into a written rental agreement with

9   defendants by the terms of which defendants rented the premises to plaintiff on a month-to-

10  month tenancy at the rental rate of $225.00 per month, payable monthly on the first day of each

11  and every month, commencing on June 28, 2004.

12       23.    Under the terms of the rental agreement, plaintiff entered into possession of the

13  premises on or about August 17, 2004, and has continued in possession of his apartment since

14  August 17, 2004.

15       24.    Plaintiff was not during the period of his tenancy in default as to the payment of

16  rent.

17       25.    On or about December 15, 2005, plaintiff was informed by defendants, and each

18  of them, that his tenancy would be terminated in March 2006 due to plaintiff's purported

19  "nonparticipation in case management services," a program offered by defendants' transitional

20  housing program. Plaintiff opposed defendants' termination of his tenancy because, among other

21  things, his lease contained no provision requiring plaintiff's participation in such program.

22  Plaintiff so informed defendants, that his lease contained no provision requiring him to

23  participate in such case management services program. Plaintiff further informed defendants

24  that he has a legal right as a tenant to retain possession of his apartment.

25

**COMPLAINT**

6

26.     On or about February 16, 2006, defendants, and each of them, served plaintiff with a thirty (30) day termination notice to quit the premises on or about March 17, 2006. Plaintiff is informed and believes and thereon alleges that the subject 30 day termination notice to quit was in retaliation for plaintiff opposing defendants' actions to evict him, and for informing defendants that he will exercise his legal right as a tenant to remain in possession of the premises. This constitutes the first act of retaliation.

27.     Thereafter, when plaintiff did not vacate the premises on or about March 17, 2006, defendants filed an unlawful detainer action against plaintiff on March 30, 2006. However, defendants did not serve the summons on plaintiff. Plaintiff received notice from this Superior Court, County of Alameda, notifying plaintiff that an unlawful detainer action had been filed against him. Plaintiff is informed and believes and thereon alleges that the filing of the subject unlawful detainer action and notice received by plaintiff was in retaliation for plaintiff not vacating the premises, and was meant to intimidate and harass plaintiff out of his apartment. This constitutes the second act of retaliation.

28.     Thereafter, on or about May 3, 2006, defendants offered plaintiff a written contract that would have allowed plaintiff to remain in possession of the premises for an additional ninety (90) days if plaintiff would agree to reimburse defendants for the legal costs incurred by defendants to file the subject unlawful detainer action. Such action humiliated plaintiff because it was unreasonable and violated HUD rules. Such action would diminish plaintiff's constitutional rights if plaintiff signed the written contract. Plaintiff is informed and believes and therefore alleges that the written contract was unconstitutional, and he could not afford to pay the three hundred dollar ($300.00) legal costs to reimburse defendants for the unlawful detainer action.

29.     Thereafter, on or about May 5, 2006, upon not signing the subject written contract presented by defendants, defendants formally served plaintiff with the unlawful detainer

COMPLAINT                                                                                    7

1    plaintiff was defendants; (1) wanting plaintiff to vacate the premises prior to or by the end of the

2    twenty-four month term in which the Veterans Administration (VA) agrees to subsidize the

3    plaintiff's rent; (plaintiff being a U.S. Veteran residing in defendant's housing and participating

4    in defendant's VA supported Transitional housing program). (2) Defendants second primary

5    motive to evict plaintiff was defendants anger and retaliation against plaintiff; for plaintiff

6    exercising his rights to retain possession of the premises, under his lease, and pursuant to

7    §1942.5(a). (3) Defendants also knew they issued plaintiff a month-to month lease with no

8    limitation on the length of his term, and for the reasons herein, among other things , defendants

9    were desperate to recover possession of the premises, and initiated unlawful actions against

10   plaintiff to do so. Defendants also knew that they could legally recover possession of the

11   premises after plaintiff's twenty-four month rent subsidy from the VA expired. Defendants

12   instead harassed plaintiff and attempted to force and/or coerce plaintiff out of the premises, prior

13   to his twenty-four month subsidy ending.

14        31.    Thereafter, on or about July 5, 2006, at the commencement of plaintiff's pre-

15   conference settlement, defendants agreed to dismiss the subject unlawful detainer complaint

16   against Plaintiff.

17        32.    Plaintiff is informed and believes and thereon alleges that defendants, and each of

18   them, failed to terminate plaintiff's tenancy prior to defendants filing the unlawful detainer

19   action against plaintiff. Defendants proceeded to unlawfully evict plaintiff, knowing such action

20   was unlawful and without legal merit, and defendants did not follow due process to evict

21   plaintiff.

22        33.    Defendants attempt to recover possession from plaintiff violated Civil Code

23   §1942.5 as defendants terminated plaintiff's tenancy in  retaliation for his  exercising his legal

24   rights regarding  tenancy. Plaintiff is therefore entitled to statutory damages, costs and an award

25   of attorney fees.

**COMPLAINT**                                                                                    9

34.    As a direct and proximate result of the retaliatory actions of defendants, and each of them, plaintiff was required to retain an attorney to represent him in the unlawful detainer action at a cost of $200.00.

35.    As a further direct and proximate result of defendants' outrageous conduct, plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress in an amount to be determined at trial.

36.    The retaliatory actions of defendants, as alleged in this complaint were oppressive and malicious within the meaning of Civil Code section §3294 in that such actions constituted despicable conduct which subjected plaintiff to cruel and unjust hardship and a willful and conscious disregard for plaintiff's rights and safety hereby entitling Plaintiff to an award of exemplary and punitive damages.

37.    Plaintiff is entitled to recover prevailing party attorney's fees pursuant to California Civil Code section §1942.5(g), and by other statutory entitlements.

WHEREFORE, Plaintiff FOSTER prays for judgment against defendants, and each of them, as more fully set forth below.

## SECOND CAUSE OF ACTION
### [Interference with Exercise of Unruh Civil Rights]
### Against all Defendants

38.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 37 as though fully set forth herein.

39.    Defendants retaliatory and other illegal actions to attempt to evict Plaintiff from the premises, upon Plaintiff exercising his constitutional right to remain in possession of the premises, interfered with the exercise of Plaintiff's civil rights.

**COMPLAINT**

10

40. The Unruh Civil Rights Act provides that all persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry or national origin are entitled to the full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever.

41. Plaintiff is informed and believes and thereon alleges that he was subject to arbitrary discrimination by Defendants violating sections 1942.5(c), Civil Codes 52.1(a), 52.1(b), FEHA 12955(f). Specifically, Operation Dignity is a transitional housing program servicing U.S. Veterans. Operation Dignity is also a Public Housing Assistance program (PHA) governed by federal and state law. The veterans enrolled in the program receive funding from the VA to help subsidize their rents. The program issues most of the veterans enrolled in the program an 18-24 month lease with a provision requiring the veteran to participate in the program's "case management services program." Defendants issued Plaintiff a month-to-month lease without requiring him to participate in Defendants' case management service program. Defendants have previously and continue to discriminate against Plaintiff because he possesses said lease, and because he is exercising his rights as a tenant under his lease, among other things. Defendants also knew the lease they issued Plaintiff, as alleged in this complaint, did not contain a provision requiring Plaintiff to participate in Defendants' case management services program. Therefore Defendants knew they had failed to state a case of action to properly evict plaintiff, but still proceeded to do so. Plaintiff exercised his legal rights as a tenant under state, federal and local law to remain in possession of the premises.

42. Plaintiff is informed and believes and thereon alleges that he was discriminated against by Defendants on the basis of his disability, violating FEHA section 12955, Civil Codes 51(f), 52(a). Specifically, Plaintiff is subject to arbitrary discrimination because of Plaintiff's personal characteristic: being a mentally disabled, homeless veteran. Defendants' actions attempting to unlawfully evict Plaintiff dictate; Defendants failing to reasonably accommodate

**COMPLAINT**

11

1    plaintiff due to his disability or taking advantage of, or abusing plaintiff because he is mentally

2    disabled and a homeless veteran. The Defendants did not anticipate that Plaintiff would discover

3    and uncover Defendants' illegal discriminatory and retaliatory acts, nor did Defendants expect

4    Plaintiff to first; realize what his rights were and second; fully exercise his rights to remain in

5    possession of the premises; because Defendants expect him not to be able to know how to defend

6    himself because of his mental disability and because the defendants consider him a second class

7    citizen that does not know any better, or one who can not afford to properly defend himself.

8    Defendants expected plaintiff to vacate the premises without resisting, due to the reasons

9    mentioned above, and the harassment that the Defendants were subjecting plaintiff too. The

10   Defendants took advantage of the Plaintiff's mental disability and at the time the Plaintiff's

11   "depressed mental state of mind", and homeless status. The Defendants profiled Plaintiff as an

12   under-privileged and depressed victim that is unfocused, and Defendants were depending on

13   Plaintiff being without financial resources, down and in such a depressed state of mind that

14   Plaintiff will not be able to, or know how to pursue his legal rights.

15       43.    Plaintiff is also informed and believes and thereon alleges that he was

16   discriminated against by defendants on the basis of his source of income, violating FEHA

17   12955 (l), 12955(d), Civil Codes 52(a), 51. Plaintiff is subject to arbitrary discrimination based

18   on Plaintiff's personal characteristic; being a homeless veteran receiving VA rent sudzidized-

19   rental assistance. Specifically; according to FEHA section 12955(p)(1), 12955(o), landlords

20   supported by government subsidies are required to use a financial or income standard in

21   assessing eligibility for the rental of housing that is not based on the portion of rent to be paid by

22   the tenant. This same rule can be applied to a tenant already residing in a government subsidized

23   housing situation. A landlord cannot discriminate in any way against a tenant because his rent is

24   subsidized, and/or because the portion of the rent he pays to landlord is minimal. Defendants

25

COMPLAINT                                                                                    12

1   receive over sixty-five (65%) of the Plaintiff's monthly rent from the VA. Defendants' actions

2   dictate discrimination against Plaintiff due to his source of income.

3        44.     Plaintiff is also informed and believes and thereon alleges that defendants are in

4   breach of the covenants of good faith and fair dealing and quiet enjoyment. Defendants are guilty

5   of waiver, estoppel and unclean hands, among other things. Specifically; (1) Defendants are

6   guilty of serving Plaintiff an improper 30 day termination notice, as alleged in this complaint.

7   The 30 day termination notice omitted the clause informing Plaintiff that he has a ten day

8   opportunity to grieve and/or resolve the termination matter with the landlord, this act violates

9   section 24 CFR CHVIII, 880.607©, FEHA Section 12955, 24CFRCHIX 966.4(3)(ii), Civil

10  Codes 52(a), 52.1(a), 52.1(b), and (2)Defendants are guilty of denying Plaintiff his entitled

11  grievance hearing to discuss the termination matter with the landlord, this act violates section 24

12  CFRCHIX 966.4(3)(iv), FEHA 12955(f), Civil Code 52(a) and (3) Defendant's offering of the

13  written contract, as alleged in this complaint, and retaliation against plaintiff upon Plaintiff not

14  signing and agreeing to Defendant's written contract, this act was meant to intimidate and coerce

15  plaintiff into waiving his constitutional rights, a violation of Civil Codes 52.1(a), 52.1(b).

16       45.     As a direct and proximate result of Defendant's interference with Plaintiff's right

17  to a full and equal accommodation and service in Defendants' business establishment by

18  Defendant, Plaintiff has suffered general damages in an amount to be determined at proof at trial.

19       46.     As a further direct and proximate result of the wrongful acts of Defendants,

20  Plaintiff is in addition entitled to recover all statutory civil penalties.

21       47.     The above related actions of the defendants were done with malice, fraud or

22  oppression and in reckless disregard of the Plaintiff's rights. Specifically; (1) Defendants knew

23  that their actions and conduct were despicable and was intended to cause injury to Plaintiff.

24  Defendants were willful and conscious, knowing that Plaintiff had a right to remain in possession

25  of the premises, and had a right not to participate in Defendant's case management services

**COMPLAINT**           13

1   program, therefore, Defendants knew that they had failed to state a cause of action to evict

2   plaintiff, prior to defendants filing the Unlawful Detainer action against Plaintiff. Defendants

3   knew that they were subjecting Plaintiff to cruel and unjust hardship, in conscious disregard of

4   plaintiff's rights. Defendants also knew that they were especially subject to federal and state

5   housing laws because they are a PHA program participating in a VA subsidized housing

6   program; and (2) on July 12, 2006, during the Plaintiff's pre-conference settlement, regarding the

7   unlawful detainer action filed against Plaintiff, as alleged in this complaint, Defendants' attorney

8   presented to Plaintiff's attorney a fraudulent lease that Plaintiff did not sign or was bound to. The

9   lease presented was dated August 17, 2004 and contained provisions requiring Plaintiff to

10  participate in Defendant's case management services program, and limiting plaintiff's tenancy to

11  18 months. Defendants were hoping that Plaintiff would not remember the lease he actually

12  signed and was bound too.  Defendants attempted to use fraudulent means to evict plaintiff from

13  the premises. Defendants went as far as attaching the back page of the lease that Plaintiff actually

14  did sign to the fraudulent lease that plaintiff did not sign.  Defendants knew that they had issued

15  Plaintiff a month-to-month lease that did not contain any provisions relative to requiring plaintiff

16  to participate in Defendants' case management services program, nor did it limit Plaintiff's

17  tenancy to any specified months or years.  Defendant's attempt to use fraudulent means to evict

18  plaintiff shows that defendants knew that the reason they were attempting to evict Plaintiff was

19  an invalid reason, therefore Defendants knew that they had not stated a cause of action to evict

20  Plaintiff, but still proceeded to do so.

21      **WHEREFORE**, Plaintiff FOSTER prays for judgment against Defendants, and each of

22  them, as more fully set forth below.

### THIRD CAUSE OF ACTION

23  **[Fraud and Intentional Deceit]**

24  **Against all Defendants**

25  **First Count**

COMPLAINT

14

**Intentional Misrepresentation of Fact**

48.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 47 as though fully set forth herein.

49.     Plaintiff alleges that defendant's acts constitute fraud and intentional deceit because defendants not only attempted to evict plaintiff for retaliatory reasons, ***defendants also utilized fraudulent and deceitful means in their attempt to evict plaintiff from his apartment*** or from the premises located at 2300 Moonlight Terrace, Alameda, CA., violating California Civil Codes §1710, §1572, §1572[2], §1709 and §1710.

50.     On or about June 28, 2004, plaintiff entered into a written rental agreement with defendants by the terms of which defendants rented the premises to plaintiff on a month-to-month tenancy at the rental rate of $225.00 per month, payable monthly on the first day of every month, commencing on June 28, 2004.

51.     On or about December 15, 2005, defendants made the following representation to the plaintiff; as plaintiff's landlord, defendants informed plaintiff that his tenancy will be terminated in March 2006, due to plaintiff not participating in defendants " Case Management Services Program" a service provided by defendants' VA funded, transitional housing program. Defendants informed plaintiff that his non-participation in Case Management Services was a violation of his lease and he will therefore be evicted on those grounds. Defendants also informed plaintiff that his tenancy will also be terminated because his term was limited to eighteen months.

52.     On or about February 16, 2006, for the reasons mentioned herein, defendants served plaintiff with a thirty day (30) termination notice to vacate the premises, by March 17, 2006. Plaintiff remained in possession of the premises.

53.     On or about May 5, 2006, for the reasons mentioned herein, defendants served plaintiff with an unlawful detainer complaint to take possession of the premises. Plaintiff

COMPLAINT

1    continued to remain in possession of the premises.

2       54.    On or about July 5, 2006, during plaintiff's pre trial conference regarding the

3    unlawful detainer action filed against plaintiff as alleged in this complaint, defendants presented

4    a lease to plaintiff and plaintiff's attorney that plaintiff did not sign or was bound to. The lease

5    presented was dated August 17, 2004, and contained provisions requiring plaintiff to

6    participate in defendants' case management services program, and limited his tenancy to

7    eighteen months.

8       55.    The representations made by the defendants were in fact, misrepresentations. The

9    true facts being: on June 28, 2004, defendants did not issue plaintiff a lease with any provision

10   requiring plaintiff to participate in defendant's Case Management Services Program, nor was

11   there any provision limiting plaintiff's tenancy to any specified months or years. Defendants

12   knew they issued said lease to plaintiff and chose to deny and not honor plaintiff's lease.

13   Defendant's actions were in retaliation against plaintiff, because he stated that he would exercise

14   his rights as a tenant, including his right to stay, among other things. Defendants then continued

15   to retaliate against plaintiff when he exercised his right to stay.

16      56.    Defendants also knew that **even** if plaintiff was bound by any provision in his

17   lease to participate in defendant's Case Management Services Program, defendants could not

18   evict plaintiff on those grounds because it would be deemed by HUD rules and regulations as a

19   minor violation. According to HUD Occupancy Handbook 4350.3 REV-1, Chapter 8, Section

20   3: Termination of Tenancy by Owners, 8-13, (4.), in order for a tenant residing in a PHA to

21   be evicted for a minor violation, the violation to warrant the eviction must be repeated

22   numerous times, and documented as serious enough to warrant his eviction. Defendants failed

23   to adhere to the rules and regulations of HUD, because they moved to evict plaintiff on

24   these grounds. Defendants knew that if the plaintiff was bound by the provision, plaintiff did

25   not commit the required acts to justify "non participation" or it did anything serious

COMPLAINT                                                                              16

1  enough to warrant his eviction.. It is a misrepresentation of material fact, to lead plaintiff to

2  believe he can be evicted because he failed to participate, when he in actuality did participate,

3  and/or did not do anything considered to be "non participating".

4          57.    Defendant's attempt to submit fraudulent lease as plaintiff's lease to the court was

5  despicable conduct done with malice. Defendants attempted to defraud and deceive plaintiff, his

6  attorney and the court, as this was an intentional misrepresentation of material fact. The lease

7  presented was dated August 17, 2004, when in actuality there was never any lease executed

8  between plaintiff and defendants on August 17, 2004, or any other time. The only lease ever

9  executed between defendants and plaintiff was the lease agreement on June 28, 2004, and dated

10 June 28, 2004. Plaintiff entered into possession of the premises on or about August 17, 2004, but

11 executed the lease on June 28, 2004.

12         58.    When the Defendants made the representations, they knew them to be false and/or

13 misrepresentations, and made these representations with the intention to (deceive and defraud the

14 plaintiff and to) induce the plaintiff to act in reliance on these representations in the manner

15 hereafter alleged, or with the expectation that the plaintiff would so act. Defendants expected

16 plaintiff to vacate the premises.

17         59.    The Plaintiff, at the time these representations were made by defendants and at the

18 time the plaintiff took the actions herein alleged believed that the defendant's representations

19 were false. In reliance on these representations, the plaintiff induced to and exercised his rights

20 to retain possession of the premises. The Plaintiff's reliance on the defendant's representations

21 was justified because defendants were plaintiff's landlord attempting to fraudulently evict him.

22         60.    Plaintiff alleges that defendants evicting him on the grounds they claimed were

23 invalid, and defendants leading plaintiff to believe he could be evicted on those grounds, when

24 he could not be, is a misrepresentation or representation, and of which is just one part of a series

25 of representations or misrepresentations in this case.

**COMPLAINT**

17

61.    Defendants informing plaintiff that he was in violation of his lease for nonparticipation in case management services, and that he was to be evicted on those grounds, and on the grounds that his tenancy was limited to eighteen months, was a misrepresentation of material fact, *made with the intent to deceive and defraud plaintiff into believing that he was wrong and defendants had a legal right to evict him*.

62.    Defendants *insisted* that plaintiff's lease did contain a contract or provision requiring him to participate in case management services, and did contain an eighteen month limitation on his tenancy, when in actuality *they knew it did not.*

63.    Plaintiff entered into an agreement ( a lease and contract) with defendants that did not include any provision requiring him to participate in case management services, (as that provision was included in some of the other tenants leases residing at Dignity Commons). Defendants can not include that provision in plaintiff's lease by writing it in or verbally implying that it is in his lease, nor evict plaintiff on those grounds, especially when both parties signed a contract that did not include that provision initially.

64.    In addition, subsequent to filing the original complaint, plaintiff discovered defendants informed the court on July 5, 2006 that they were going to file a dismissal in plaintiff's behalf regarding the unlawful detainer complaint defendants filed against him. Defendants did not file the dismissal. This action is yet another intentional misrepresentation, in that, it was a promise made with no intention of keeping.

65.    Plaintiff alleges that he has satisfied all the elements for intentional misrepresentation , which include: (1) misrepresentation , (2) material fact, (3) knowledge of falsity, (4) intent to induce reliance , (5) justifiable reliance and (6) causation and damage.

66.    Defendant's attempt to mislead plaintiff into believing he could be evicted for the reasons mentioned herein, and initiating eviction actions against plaintiff based on those reasons,

**COMPLAINT**

18

1     and, including the other misrepresentations by defendants mentioned herein, violated

2     California Civil Codes §1710 and §1572.

3            67.     As a proximate result of the fraudulent conduct of the defendants as herein

4     alleged, the plaintiff incurred legal costs of $200.00 necessary to defend himself in the Unlawful

5     Detainer Action filed against him. Plaintiff was subject to retaliatory evictions that subject him to

6     harassment and arbitrary discrimination, that disrupted his quiet enjoyment. Plaintiff was also

7     subject to emotional distress caused by the Defendants actions. Plaintiff was worried and anxious

8     about losing his place of residence.

9            68.     The aforementioned conduct of defendants was an intentional misrepresentation,

10    deceit, or concealment of a material fact know to the defendants with the intention on the part of

11    the defendants of thereby depriving the plaintiff of property or legal rights otherwise causing

12    injury, and was despicable conduct that subjected plaintiff to a cruel and unjust hardship in

13    conscious disregard of the plaintiff's rights, so as to justify an award of exemplary and punitive

14    damages.

**SECOND COUNT**

**[Negligent Misrepresentation]**

15

16

17           69.     When the defendants made these representations they had no reasonable grounds

18    for believing them to be true. The defendants knew exactly what lease they issued plaintiff.

19    Plaintiff also informed defendants, prior to defendants filing of the Unlawful Detainer Action

20    against plaintiff, that his lease had no provision requiring him to participate in defendants Case

21    Management Services Program, nor was his tenancy limited to eighteen months.

22           70.     Defendants also knew the lease they submitted to plaintiff and his attorney on

23    July 5, 2006 during plaintiff's pre-trial conference was a fraudulent lease.

24           71.     The Defendants made these representations with the intention of inducing the

25

**COMPLAINT**                                                                                          19

1    plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the

2    expectation that the Plaintiff would so act.

3         72.     Defendants' initiating these actions in an attempt to recover possession from

4    plaintiff, violated California Civil Codes §1572[2], §1709 and §1710, therefore plaintiff is

5    entitled to statutory damages, costs, and an award of attorney fees.

6    ### THIRD COUNT

7    ### [Suppression of Fact]

8         73.     Subsequent to the filing of the original complaint, plaintiff discovered the

9    true name or title of what plaintiff believed was titled a "tenants right handbook" as "HUD-

10   9887 Fact Sheet" and a "Resident Rights and Responsibilities Brochure".

11        74.     On or about August 17, 2004 to present, defendants violated section §1572 of the

12   California Civil Code. (1)The defendants failed to distribute to Plaintiff a "HUD -9887 Fact

13   Sheet" and a copy of "Resident Rights and Responsibilities Brochure" as required by HUD

14   Occupancy Handbook 4350.3 REV-1, Chapter 5, Determining Income & Calculating Rent.

15   Defendants did not adhere to the rules and regulations of HUD because they failed to

16   distribute documents and information that would have informed plaintiff of his rights, privileges

17   and entitlements as a tenant in a Public Housing Assistance program or his rights, privileges and

18   entitlements as a veteran in a VA rent subsidized program. The information would have

19   informed plaintiff of issues regarding his tenancy, such as; eviction procedures, landlord

20   following due process to evict, remedies, (e g. hardship exemption). (2) The defendants omitted

21   the ten day clause in the thirty day termination notice to deprive plaintiff of his entitled ten day

22   opportunity to grieve or discuss the termination of his tenancy with the landlord, another

23   requirement of a HUD, violating 24 CFR CH VIII, §880.6079 (c), and 24 CFR CH IIX

24   §966.4(3)(8)(ii). (3) Defendants denied or omitted plaintiff his entitled grievance hearing to

25   discuss the termination of his tenancy, violating section 24 CFR CH IX §966.4(3) (iv). (4)

**COMPLAINT**

20

1    Defendants suppressed or concealed the fact that the lease they presented at plaintiff's pre-

2    conference settlement was not plaintiff's lease.

3         75.    The Defendants, and each of them, made the failures to disclose and the

4    suppressions and/or concealments of information herein alleged, with the intent to induce the

5    plaintiff to act in the manner herein alleged in reliance thereon, and with the intent to prevent the

6    plaintiff from further inquiring into or discovering and utilizing any tenant rights, entitlements

7    and privileges and information that would be available to plaintiff;  that  would help keep him

8    from being evicted from the premises and the defendants program.

9         76.    Defendants' attempt to recover possession violated section §1572 of the

10   California Civil Code, as defendants terminated plaintiff's tenancy using fraudulent and deceitful

11   means by; suppressing or concealing  pertinent information from Plaintiff that he is entitled to,

12   regarding his  tenancy.  Plaintiff is therefore entitled to statutory damages, costs and an award of

13   attorney fees.

14   Wherefore, Plaintiff Foster prays for judgment against defendants, and each of them, as more

15   fully set forth below.

### FOURTH CAUSE OF ACTION

### [Breach of Covenant of Good Faith and Fair Dealing]

### Against all Defendants

16   

17   

18   

19       77.    Plaintiff incorporates by reference each and every allegation set forth in

20   paragraphs 1 through 76 as though full set forth herein.

21       78.    In assuming the landlord-tenant contracted relationship with Plaintiff, Defendants

22   covenanted to deal with Plaintiff in good faith.

23       79.    By reason of the Defendants actions as alleged herein, including but not limited to

24   Defendants unlawful efforts to evict Plaintiff, all in a concerted effort to recover possession of

25   Plaintiff's home, in violation of 1942.5 (c), Defendants has committed a breach of the

COMPLAINT

21

1   covenant of good faith and fair dealing with Plaintiff, which covenant is implied into every

2   residential rental contract in California.

3        80.     As a direct and proximate result of said breach, Plaintiff has suffered the actual,

4   special and general damages as alleged, and which are incorporated herein by this reference, and

5   seek recovery of the same, and for an award of costs and reasonable attorney fees.

6        81.     Plaintiff is informed and believes and therefore alleges that the endeavor to

7   recover possession of the premises by Defendants was in conscious disregard of the Plaintiff's

8   legal rights, and was willful, oppressive, and malicious; and designed to cause Plaintiff to suffer

9   economic and emotional injury. Plaintiff is therefore entitled to an award of exemplary and

10   punitive damages against Defendants, in an amount to be determined at trial.

11   Wherefore Plaintiff prays for judgment against Defendants, and each of them, as more fully set

12   forth below.

### FIFTH CAUSE OF ACTION

**[Breach of Contract]**

**Against all Defendants**

16        82.     Plaintiff incorporates by reference each and every allegation set forth in

17   paragraphs 1 through 81 as fully set forth herein.

18        83.     By illegally attempting to evict plaintiff; for retaliatory reasons, as well as using

19   fraudulent and deceitful means, and by discriminating against plaintiff, defendants, and each of

20   them, have breached their contract with plaintiff, violating California  Civil Code §3300.

21        84.     As the result of defendants' breach of contract, plaintiff has suffered damages as

22   alleged herein. Plaintiff is therefore entitled to an award of exemplary and punitive damages

23   against defendants, in an amount to be determined at trial.

24   Wherefore plaintiff prays for judgment against defendants, and each of them, as more fully set

25   forth below.

**COMPLAINT**

22

## SIX CAUSE OF ACTION

### [Unlawful Business Practices in Violation of B&P 17200]

### Against all Defendants

85.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 84 as though full set forth herein.

86.    The Plaintiff brings this action on his own behalf and on all persons similarly situated. The class the Plaintiff represents is composed of all persons who, at any time since the date four years before the filing of this complaint were U.S. Veterans and tenants in Defendants VA supported transitional housing program. Defendants represent United States Veterans as their landlord. Plaintiff represents U.S. Veterans as tenants being unlawfully evicted from their apartments by Defendants, and from Defendants VA supported, transitional housing program.

87.    Plaintiff has no adequate remedy at law for the injuries currently being suffered or which result in the future from Defendants' continued wrongful conduct in that unless this court restrains defendants, Plaintiff and other members of the public will be forced to institute a multiplicity of suits to obtain compensation and the individual injuries suffered may be too small to warrant the expenditures necessary in litigation.

88.    The Defendants, Operation Dignity, is a business incorporated in the State of California, and at all times mentioned acted as Plaintiff's landlord.

89.    Beginning approximately eight years ago or before, and continuing to the present time, the Defendants, Operation Dignity has been funded by the government, public and private sources to assist homeless U.S. Veterans by providing transitional housing programs to them.

90.    The Defendants on or about February 16, 2006, began utilizing fraudulent methods to attempt to evict Plaintiff from the premises. The Defendants did not have sufficient cause to evict Plaintiff but proceeded to do so using fraudulent means. On information and belief, The Defendants, Operation Dignity has used fraudulent means to evict other members

COMPLAINT

23

1  of the Plaintiff's class from their apartments. Defendants want to be perceived as "good

2  corporate citizens' who help homeless veterans when in actuality Defendants are deceiving and

3  defrauding the veterans that participate in their programs, and Defendants are also deceiving and

4  defrauding the VA and the public. Defendants are using homeless U.S. Veterans to obtain

5  funding from the government, public and private sources, but the veterans are being deprived and

6  denied the full benefits and reasonable accommodations they are entitled to from the Defendants

7  program.

8      91.    As an direct, proximate result, and foreseeable result of the Defendants wrongful

9  conduct, as alleged in this complaint, the plaintiff, Foster and other members of the Plaintiff's

10  class, who are unknown to the plaintiff but can be identified through inspection of the

11  Defendant's Grant and Per Diem Program records, and by other means, were subject to illegal

12  evictions, and harassment and discrimination of their class. The Plaintiff is entitled to relief, and

13  any and all monetary damages available, as a result of such unfair business acts or practices.

14      92.    The Defendants acts hereinabove alleged are acts of unfair competition within the

15  meaning of Business and Professions Code 17203. The Plaintiff is informed and believes that the

16  Defendants will continue to do those acts unless the court orders the Defendants to cease and

17  desist.

18      93.    The Plaintiff has incurred and, during the pendancy of this action, will incur

19  expenses for attorney fees and costs that are necessary for the prosecution of this action and will

20  result in a benefit to each member of the class. Plaintiff is entitled to recover prevailing party

21  attorney's fees in the any amount the court determines, and by other statutory entitlements.

22      94.    The conduct of Defendants, as alleged herein was malicious and oppressive and

23  done in conscious disregard of the rights and safety of Plaintiff and done in knowing or willful

24  violation of the Business and Professions Code, or in reckless disregard of the Business and

25

COMPLAINT                                                                            24

Professions Code. Plaintiff is therefore entitled to an award of exemplary and punitive damages in an amount to be proven at trail.

WHEREFORE, the Plaintiff Foster prays for judgment as follows:

1. For restitution to the Plaintiff and each member of the class, as his interest may appear, of all remedies and or monetary damages and statutory entitlements.

2. For a permanent injunction enjoining the Defendants, and the Defendants agents, servants and employees, and all persons acting under or in concert with them, to cease and desist from the following acts:

3. Using fraudulent and illegal means to evict the U.S. Veterans that are participating in the Defendants transitional housing program from their apartments, such as; evicting the veteran for retaliatory reasons, suppressing information from the veteran regarding the term of their tenancy.

4. Not following due process to evict the veteran from the premises offered by Defendant's programs.

5. Discriminating against the veteran in any way.

6. For an order requiring the Defendants to compile a list identifying, as far as possible, all other persons who have had been subject to unlawful detainer actions and/or other forms of termination notices; including thirty day and all three day and thirty day notices, ( regardless if notices are considered by Defendants not a termination notice).

7. For the payment of Plaintiff's attorney fees pursuant to Civil Code 1942.4.

8. For costs of suit incurred; and

9. For such and other further relief as the court may deem proper.

### FIFTH CAUSE OF ACTION

**[Intentional Infliction of Emotional Distress]**
**Against all Defendants**

COMPLAINT

25

95.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 94 as though fully set forth herein.

96.    Defendant's continued retaliatory actions to attempt to evict Plaintiff as alleged in this complaint were knowing, intentional and willful and done with reckless disregard of the probability of causing plaintiff emotional distress.

97.    As a proximate result of defendant's conduct, as alleged in this complaint, Plaintiff suffered extreme mental anguish and emotional distress in the form of humiliation, mental anguish, anxiety, worry, disappointment and alienation that interfered with Plaintiff's quiet enjoyment. Plaintiff was worried and anxious about whether he was going to lose his home. The acts of defendants injured plaintiff in mind and body.

98.    The retaliatory actions of the Defendants, as alleged in this complaint were oppressive, malicious and outrageous, and the defendants that were standing in a position of authority over Plaintiff, acted with the intent to damage plaintiff and to cause Plaintiff severe emotional and physical distress. Defendants abused the Landlord/Tenant relationship with plaintiff. Defendant's conduct was done knowingly and willfully in violation of 1942.5 (c), Civil Codes 51, 51(f), 52, 52(a), 52.1(a), 52.1(b), FEHA 12955(f), FEHA 12955(l), FEHA 12955(d), FEHA 12955(o), B&P 17200, 24 CFR CHVIII, 880.607(c), 24CFRCHIX 966.4(3)(ii),and Plaintiff is therefore entitled to punitive damages in an amount to be determined by proof at trial.

WHEREFORE, Plaintiff FOSTER prays for judgment against Defendants, and each of them, as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FOSTER prays for judgment against Defendants, and each of them, as more fully set forth below:

1.    For general damages, including emotional distress, according to proof;

2.    For statutory penalties and all relief allowed by statute according to proof;

COMPLAINT

26

1  3. For punitive damages;

2  4. For an award of attorney's fees;

3  5. For pre-judgment interest at the legal rate according to proof;

4  6. For costs of suit incurred;

5  7. For such other and further relief as the court may deem proper.

6 Dated: *February 26, 2007*

7        *Mark Antoine Foster*

8        Mark Antoine Foster, In pro per

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**COMPLAINT**

27

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark Antoine Foster<br>725 Ellis Street #408<br>San Francisco, California, 94109<br><br>TELEPHONE NO: 415-756-1611    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME:

PETITIONER/PLAINTIFF: Mark Antoine Foster

RESPONDENT/DEFENDANT: Operation Dignity, Inc., a California non-profit

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>RG06302322 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1.  I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is:
    1621 Harrison Str. Apt 1305
    Oakland, CA 94612

3.  On *(date):* February 26, 2007   I mailed from *(city and state):* Alameda, California
    the following **documents** *(specify):*
    Amended Complaint

    ☑ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
    (form POS-030(D)).

4.  I served the documents by enclosing them in an envelope and *(check one):*
    a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
    b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5.  The envelope was addressed and mailed as follows: Clapp, Moroney, Bellagamba, and Vucinich, a proffesional corp
    a. **Name** of person served: Operation Dignity, Inc., a California non-profit
    b. **Address** of person served:
       6130 Stoneridge Mall Road, Suite 275, Pleasanton, CA 94588

    ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/26/07

Joseph Radcerac
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM) ▶ (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>*www.courtinfo.ca.gov* |
|---|---|---|

American LegalNet, Inc.<br>www.USCourtForms.com

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark Antoine Foster<br>725 Ellis Street #408<br>San Francisco, California, 94109<br><br>TELEPHONE NO: 415-756-1611    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, California 94612<br>BRANCH NAME: | |

PETITIONER/PLAINTIFF: Mark Antoine Foster

RESPONDENT/DEFENDANT: Operation Dignity, Inc., Alex McElree, an individual

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>RG06302322 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1.  I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2.  My residence or business address is:
    1621 Harrison St. Apt. 1205
    Oakland, CA 94612

3.  On *(date):* February 26, 2007    I mailed from *(city and state):* Alameda, California
    the following **documents** *(specify):*
    Amended Complaint

    [✓] The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
    (form POS-030(D)).

4.  I served the documents by enclosing them in an envelope and *(check one):*
    a.  [✓]  **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
    b.  [ ]  **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5.  The envelope was addressed and mailed as follows: *Clapp, Moroney, Bellagamba, And Vucinich*
    *a professional corp*
    a.  **Name** of person served: Alex McElree, an individual
    b.  **Address** of person served:
        6130 Stoneridge Mall Road, Suite 275, Pleasanton, CA 94588

    [ ]  The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/26/07

_____
Joseph Ridgeway
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

_____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.USCourtForms.com

POS-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Mark Antoine Foster<br>725 Ellis Street #408<br>San Francisco, California, 94109<br><br>TELEPHONE NO.: 415-756-1611    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME:

PETITIONER/PLAINTIFF: Mark Antoine Foster

RESPONDENT/DEFENDANT: Operation Dignity, Inc., William Kennedy, an individual

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>RG06302322 |
|---|---|

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   1621 Harrison St. Apt 1205
   Oakland, Ca. 96412

3. On *(date):* February 26, 2007   I mailed from *(city and state):* Alameda, California
   the following **documents** *(specify):*
   Amended Complaint

   ☑ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows: *Clapp, Moroney, Bellagamba And Vucinich*
                                                          *a professional corp*
   a. **Name** of person served: William Kennedy, an individual
   b. **Address** of person served:
      6130 Stoneridge Mall Road, Suite 275, Pleasanton, CA 94588

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/26/07

Joseph Ridgeway
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          (SIGNATURE OF PERSON COMPLETING THIS FORM)

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.USCourtForms.com |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark Antoine Foster<br>725 Ellis Street #408<br>San Francisco, California, 94109<br><br>TELEPHONE NO.: 415-756-1611    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME:

PETITIONER/PLAINTIFF: Mark Antoine Foster

RESPONDENT/DEFENDANT: Operation Dignity, Inc., Linda Griffin, an
individual

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>RG06302322 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
1621 HARRISON ST. APT 1205   P.O.
Oakland, CA. 94612

3. On *(date):* February 26, 2007   I mailed from *(city and state):* Alameda, California
the following **documents** *(specify):*
Amended Complaint

   ☑ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows: *Clapp, Moroney, Bellagamba, And Vucinich, a professional corp*
   a. **Name** of person served: Linda Griffin, an individual
   b. **Address** of person served:
      6130 Stoneridge Mall Road, Suite 275, Pleasanton, CA 94588

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/26/07

_____
Joseph Piccroura
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

_____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.<br>www.USCourtForms.com

# EXHIBIT "C"

1 | Mark Antoine Foster, In Pro Per
2 | 725 Ellis Street #408
  | San Francisco, California 94109
3 | (415) 756-1611

F I L E D
ALAMEDA COUNTY

MAR 2 9 2007

CLERK OF THE SUPERIOR COURT
By _____
Deputy

8

SUPERIOR COURT OF CALIFORNIA

9

IN AND FOR THE COUNTY OF ALAMEDA

10

CIVIL UNLIMITED JURISDICTION

11

No.    RG07318236

12 | **MARK ANTOINE FOSTER,**

**COMPLAINT FOR DAMAGES**

13 |     Plaintiff,

14 |     vs.

15 | OPERATION DIGNITY, INC., a
   | California Non-Profit corporation,
16 | ALEX McELREE, an individual, WILLIAM
   | KENNEDY, an individual, Linda Griffin, an
   | individual and DOES 1 Through 63,
17 |     Defendants

1.   Retaliatory Eviction;
2.   Interference with Exercise of Unruh Civil Rights;
3.   Breach of Covenant of Good Faith and Fair Dealing;
4.   Breach of Contract; and
5.   Intentional Infliction of Emotional Distress.

19 |      COMES NOW Plaintiff **MARK ANTOINE FOSTER** and complains of Defendants

20 | and each of them as follows:

21 | <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

22 |      1.    At all times herein mentioned, Plaintiff FOSTER is a resident of the City of

23 | Alameda, County of Alameda, with his residence address being 2300 Moonlight

24 | Terrace, Apt. A, Alameda, California. Plaintiff took possession of his apartment on or

25

COMPLAINT

1

1    about August 17, 2004 and continued in possession until January 31, 2007.

2        2.    Plaintiff is informed and believes and thereon alleges that, at all times

3    herein mentioned, Defendant OPERATION DIGNITY, INC. (hereafter "OPERATION

4    DIGNITY") is a California non-profit corporation with its principal office located at 1504

5    Franklin Street, Oakland, California.  Defendant OPERATION DIGNITY owns, operates,

6    leases, or manages that certain apartment building located at 2300 Moonlight Terrace,

7    Alameda, California, which is commonly known as "Dignity Commons."    Defendant

8    OPERATION DIGNITY is Plaintiff's landlord.

9        3.    Plaintiff is informed and believes and thereon alleges that, at all times

10    herein mentioned, Defendant ALEX McELREE, an individual, is the owner, officer,

11    director, employee, and/or agent of Defendant OPERATION DIGNITY.  His principal

12    place of business is 1504 Franklin Street, Oakland, California.

13        4.    There exists, and at all times herein mentioned there existed, a unity of

14    interest and ownership between Defendants OPERATION DIGNITY and McELREE

15    such that any individuality and separateness between Defendants OPERATION

16    DIGNITY and McELREE, as owner, officer, director, or agent of Defendant

17    OPERATION DIGNITY, has ceased.  Defendants are the alter egos of one another.

18        5.    Adherence to the fiction of separate existence between Defendants

19    OPERATION DIGNITY and McELREE as entities distinct from one another would

20    permit an abuse of the corporate privilege and would sanction fraud or promote injustice

21    in that it would prevent Plaintiff from pursuing claims for damages from all parties

22    responsible for his injuries.

23        6.    Plaintiff is informed and believes and thereon alleges that Defendant

24    WILLIAM KENNEDY, an individual, was the employee, partner, and/or agent of

25

COMPLAINT                                                                                                    2

1  Defendant OPERATION DIGNITY.  His principal place of business is 1504 Franklin

2  Street, Oakland, California.

3          7.    Plaintiff does not know the true names of Defendants DOES 1 through 63

4  and therefore sues them by their fictitious names.  Plaintiff will amend this complaint

5  when their true names and capacities are ascertained.  Plaintiff is informed and believes

6  and thereon alleges that each of the fictitiously named defendants is responsible in

7  some manner for the occurrences herein alleged and that Plaintiff's damages as herein

8  alleged were proximately caused by these defendants.  Each reference in this complaint

9  to "Defendant OPERATION DIGNITY," "Defendant McELREE," "Defendant KENNEDY,"

10 'Defendant GRIFFIN", "Defendant", "Defendants," or a specifically named defendant

11 refers also to all defendants sued under fictitious names.

12         8.    At all times herein mentioned, each defendant was the agent, employee,

13 partner, independent contractor, or joint venturer of each other defendant and was

14 acting within the scope and authority of such relationship.  Plaintiff is further informed

15 and believes and thereon alleges that each of the defendants herein consented to,

16 ratified, and authorized the acts herein alleged of each of the remaining defendants.

17         9.    At all times herein mentioned, each defendant operated and managed

18 Dignity Commons and maintained control of Dignity Commons.

### FIRST CAUSE OF ACTION
19 **[Retaliatory Eviction pursuant to §1942.5 (c)]**
**Against all Defendants**

20

21         10.    Plaintiff incorporates by reference each and every allegation set forth in

22 paragraphs 1 through 9 of this complaint as though fully set forth herein.

23         11.    This is an unlawful eviction matter stemming from defendants filing an

24 unlawful detainer action against plaintiff on **July 14, 2006.**

25

**COMPLAINT**                                                                3

12.    Plaintiff brings this action for retaliatory eviction pursuant to section §1942.5(c) of the California Civil Code), for being retaliated against by defendants for organizing and advocating lessee's rights and informing other tenants of those rights and for peaceably exercising his own rights to retain possession of his apartment, among other things.

13.    California Civil Code section §1942.5 and common law, allows a tenant to bring forth two separate causes of action in an unlawful detainer action, in that, §1942.5(a) allows a tenant to, (1) bring forth retaliatory eviction as an affirmative defense in a unlawful detainer action, and § 1942.5(c) allows a tenant to (2) bring forth retaliatory eviction as an affirmative cause of action, in that they are two separate causes of action, entitling a tenant to remedies and damages that are distinct and individual from each other, and for each cause of action.

14.    California Civil Code §1942.5 (h) states "The remedies provided by this section shall be in addition to any other remedies provided by statutory or decisional law".

15.    California Civil Code §1942.5(f)(1)(2) states "Any lessor or agent of a lessor who violates this section shall be liable to the lessee in a civil action for all of the following: (1) The actual damages sustained by lessee, and (2) Punitive damages in amount of not less than one hundred dollars ($100) nor more than two thousand dollars ($2,000) for each retaliatory act where the lessor or agent has been guilty of fraud, oppression, or malice with respect to that act", this being a remedy for plaintiff, for defendants violating §1942.5(a).

16.    Plaintiff alleges that, during the time of his tenancy, and at the commencement of plaintiff's pre-conference settlement, relative to the unlawful detainer action mentioned herein, and it's court proceedings, plaintiff did not enter

COMPLAINT                                                                                                4

1  into any agreements to waive his rights; to bring forth retaliatory eviction as an

2  affirmative cause of action, pursuant to section §1942.5(c), as he brought forth

3  retaliatory eviction as an affirmative defense, pursuant to section §1942.5(a), to

4  retain possession of his apartment.

5      17.    California Civil Code §1942.5(d) states "Nothing in this section shall be

6  construed as limiting in any way the exercise by the lessor of his or her rights under

7  any lease or agreement or any law pertaining to the hiring of property or his or her

8  right to do any of the acts described in subdivision (a) or (c) for any lawful cause.

9  Any waiver by a lessee of his or her rights under this section is void as contrary

10 to public policy".

11     18.    Furthermore, plaintiff alleges that res judicata would not apply to this

12 case, and this cause of action would not be barred by res judicata, because plaintiff is

13 not "splitting" a cause of action; due to plaintiff having two causes of action to

14 claim, (1) retaliatory eviction as an affirmative defense, and (2) retaliatory eviction

15 as an affirmative cause of action, and the law does not require plaintiff to settle both

16 causes of action at the same time, and/or during any unlawful detainer proceedings

17     19.    On or about June 28, 2004, plaintiff entered into a written rental

18 agreement with Defendants by the terms of which Defendants rented the premises to

19 Plaintiff on a month-to-month tenancy at the rental rate of $225.00 per month, payable

20 monthly on the first day of each and every month, commencing on June 28, 2004.

21     20.    Under the terms of the rental agreement, plaintiff entered into possession

22 of the premises on or about August 17, 2004, and had continued in possession of his

23 apartment until he agreed to vacate on January 31, 2007.

24     21.    Plaintiff was not during the period of his tenancy in default as to the

25

COMPLAINT                                                                          5

1 | payment of rent.

2    22..    On or about July 7, 2006, defendants, and each of them, served plaintiff

3 | with a three (3) day notice to pay or quit for alleged non payment of rent. Plaintiff is

4 | informed and believes and therefore alleges that the subject three-day notice to pay rent

5 | or quit was in retaliation against plaintiff, among other things, for plaintiff; (1)

6 | successfully defending himself in a prior unlawful detainer action, (2) writing letters to

7 | the Veteran's Administration's Inspector General, the regional Director of HUD, and

8 | Congressman Pete Stark, exposing plaintiff's fraud and violation of federal law, (3)

9 | organizing tenants and informing them of their rights and about the unlawful detainer

10 | actions of plaintiff, (4) exercising his rights to a reasonable accommodation, (5) refusing

11 | to sign an agreement that violates HUD rules and regulations, (6) complaining about

12 | harassment from the property manager, and(7) for insisting on not moving in a building

13 | that was suitable for his needs.

14    23.    On or about July 14, 2006, for the reasons mentioned herein, defendants,

15 | and each of them filed and formally served plaintiff with an unlawful detainer complaint

16 | and summons for the alleged non payment of rent, and defendants entered an incorrect

17 | date of plaintiff's lease as 8/17/04 on the face of the unlawful detainer complaint, that

18 | defendants filed against plaintiff. Plaintiff is informed and believes and therefore alleges

19 | that defendants did this in an attempt to deceive plaintiff, his attorney and the court that

20 | he was bound by a lease that was dated 8/17/04, when there never was any lease

21 | executed by defendants and plaintiff on 8/17/04.

22    24.    Plaintiff is informed and believes and therefore alleges that defendant's

23 | reason to evict, which was for plaintiff's alleged non payment of rent was not the reason

24 | or primary motive for evicting plaintiff. Plaintiff believes and therefore alleges that

25 | defendant's primary motive for evicting plaintiff was for the retaliatory reasons

**COMPLAINT**                                                                      6

1   mentioned herein, and because plaintiff exercised his right not to pay his rent, due to

2   the three- day notice defendants served on him was defective (for several reasons), and

3   because defendants were angry at plaintiff, and insecure about plaintiff exposing their

4   illegal activities to the other tenants and governmental agencies. Defendants also knew

5   that plaintiff possessed a month to month lease without stipulations on the term of his

6   tenancy, and for the reasons herein, among other things, were desperate to recover

7   possession of the premises.

8       25.    Plaintiff also alleges and therefore believes that; because defendants

9   receive over sixty-five percent of plaintiff's rent in subsidies from the VA, plaintiff can

10  easily claim that the portion of the rent he pays is to small to justify eviction, especially

11  in the event, plaintiff would request a hardship exemption, as he is entitled to if he was

12  having financial difficulty. If plaintiff requests and is entitled to a hardship exemption,

13  defendants can request zero rent for plaintiff, and the VA will pay substantially more of

14  plaintiff's rent, or the entire rent amount, until plaintiff recovers from the hardship. This

15  gives defendants no reason to evict plaintiff from his home for nonpayment of rent if he

16  claims a hardship exemption, as plaintiff did in this case. Defendants rejected and

17  refused to give plaintiff his hardship exemption.

18      26.    Plaintiff is informed and believes and therefore alleges that defendants,

19  and each of them, failed to terminate his tenancy prior to defendants filing the unlawful

20  detainer action against him. Defendants proceeded to unlawfully evict plaintiff, knowing

21  that such action was unlawful and without legal merit, because defendants knew; (1) the

22  notice was defective, and they knew that plaintiff had a right not to pay his rent until the

23  notice was served on him properly, and (2) until he was reasonably accommodated by

24  defendants.

25

COMPLAINT                                                                                7

27.    Plaintiff is also informed and believes and therefore alleges that defendants did not follow due process to evict him, because, 1) defendants served him an improper termination notice, it being improper because it omitted a ten (10) day clause that is required on the face of the notice informing the plaintiff that he has a ten day opportunity to grieve the termination of his tenancy with the landlord, **violating** 24 CFR CHVIII, §880.607(c), 24CFRCHIX §966.4(3)(ii), and also because the rent amount stated on the notice was overstated, and 2) defendants denied plaintiff his entitled grievance hearing, **violating** 24 CFRCHIX §966.4(3).

28.    Defendants also knew that they could move to recover possession of the premises, by simply waiting until after plaintiff's twenty-four subsidy from the VA expired, plaintiff being a U.S. Veteran residing in housing and participating in defendant's transitional program. Instead of trying to reasonably accommodate plaintiff, defendants instead chose to ignore following due process to evict plaintiff, **and chose to not** reasonably accommodate plaintiff, and moved to unlawfully evict him before his twenty-four month rent subsidy expired.

29.    Thereafter, on or about August 14, 2006, plaintiff filed a demurrer to defendant's unlawful detainer for the serving of the improper notice.

30.    Thereafter, on or about August 28, 2006, defendants filed an opposition to plaintiff's demurrer.

31.    Thereafter, on or about September 7, 2006, plaintiff filed a reply to defendant's opposition to plaintiff's demurrer.

32.    Thereafter, on or about September 12, 2006, this superior court overruled on plaintiff's demurrer.

33.    Thereafter, on or about September 18, 2006, plaintiff filed his answer to defendant's unlawful detainer.

COMPLAINT                                                                                    8

34.    Thereafter, on or about November 1, 2006, plaintiff's pre conference settlement was held, and plaintiff and defendants discussed a tentative agreement to settle the unlawful detainer action defendants filed against plaintiff.  Plaintiff explained his reasons for not paying rent, due to the three-day notice served to him was improper, the fact that he was denied his grievance hearing, and the fact that the defendants were failing to reasonably accommodate him, due to his hardship, disability and source of income. Plaintiff offered and was willing to pay all back rent up to the current date to defendants, but defendants refused. Defendants stated that the reason plaintiff was being evicted was because his rent subsidies from the VA had expired and he had to vacate the premises. Plaintiff agreed to leave for this reason. Plaintiff insisted that he was not in violation of not paying his rent and will not allow defendants to evict him on those grounds. Plaintiff informed defendants that he was willing to go to jury trial in the event defendants proceeded to evict him for alleged nonpayment of rent. Defendants and plaintiff agreed to reschedule to another pre conference settlement on November 14, 2006 in a continuance to settle the matter.

35.    Thereafter, on or about November 14, 2006, defendants and plaintiff reached the agreement that if plaintiff would agree to leave on January 31, 2007, defendants will waive plaintiff's back rent and current rent. Plaintiff agreed to leave. Defendants asked plaintiff to waive his rights to sue and any motions to stay; plaintiff declined, and also stated that he also expects his security deposit back. Defendants agreed to the return the deposit as long as there was no damage to the premises. A stipulation Dismissal/Judgment was written and agreed upon by both parties.

36.    Defendants' attempt to recover possession from plaintiff violated Civil Code §1942.5 as defendants terminated plaintiff's tenancy in retaliation for his

COMPLAINT

exercising his legal rights regarding tenancy. Plaintiff is therefore entitled to statutory damages, costs and an award of attorney fees.

37. As a direct and proximate result of the retaliatory actions of Defendants, and each of them, Plaintiff was required to retain an attorney to represent him in the unlawful detainer action at a cost of $200.00.

38. As a further direct and proximate result of Defendants' outrageous conduct, plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, injury to reputation, and severe emotional distress in an amount to be determined at trial.

39. The retaliatory actions of defendants, as alleged in this complaint were oppressive and malicious within the meaning of Civil Code section §3294 in that such actions constituted despicable conduct which subjected plaintiff to cruel and unjust hardship and a willful and conscious disregard for plaintiff's rights and safety hereby entitling plaintiff to an award of punitive damages.

40. Plaintiff is entitled to recover prevailing party attorney's fees pursuant to California Civil Code section §1942.5(g), and by other statutory entitlements.

**WHEREFORE**, Plaintiff FOSTER prays for judgment against Defendants, and each of them, as more fully set forth below.

## SECOND CAUSE OF ACTION
### [Interference with Exercise of Unruh Civil Rights]
### Against all Defendants

41. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 40 as though fully set forth herein.

42. Defendants retaliatory and other illegal actions to attempt to evict plaintiff from the premises, upon plaintiff exercising his constitutional right to remain in

COMPLAINT

10

1  possession of the premises, interfered with the exercise of plaintiff's civil rights.

2  43. The Unruh Civil Rights Act provides that all persons within the jurisdiction of

3  this state are free and equal, and no matter what their sex, race, color, religion, ancestry

4  or national origin are entitled to the full and equal accommodations, advantages,

5  facilities, privileges or services in all business establishments of every kind whatsoever.

6  44. Plaintiff is informed and believes and thereon alleges that he was subject to

7  arbitrary discrimination by defendants violating sections Civil Codes §52.1(a), §52.1(b),

8  FEHA 12955(f). Specifically, Operation Dignity is a transitional housing program

9  servicing U.S. Veterans.   Operation Dignity is also a Public Housing Assistance

10  program (PHA) governed by federal and state law. The veterans enrolled in the program

11  receive funding from the VA to help subsidize their rents. The program issues most of

12  the veterans enrolled in the program an 18-24 month lease with a provision requiring

13  the veteran to participate in the program's "case management services program."

14  Defendants issued Plaintiff a month-to-month lease without requiring him to participate

15  in Defendants' case management services program", and without a limitation on the

16  term of his tenancy. Defendants have previously and continue to discriminate against

17  Plaintiff because he possesses said lease, and because he exercised his rights as a

18  tenant under his lease, as well as his personal rights, among other things, in a previous

19  unlawful detainer action, as well as exercising his rights relative to the unlawful detainer

20  action mentioned herein.   Defendants also discriminating against plaintiff because he

21  refused to pay rent until he was served with a proper notice, and until defendants

22  reasonably accommodated him.

23  45.    Defendants knew they had failed to state a case of action to properly evict

24  plaintiff, but still proceeded to do so. Plaintiff exercised his legal rights as a tenant under

25  state and federal law to remain in possession of the premises, and not pay his rent

1  until he was served a proper notice, and given a reasonable accommodation from

2  defendants.

3      46. Plaintiff is informed and believes and thereon alleges that he was

4  discriminated against by Defendants on the basis of his disability, violating FEHA

5  section 12955, Civil Codes §51(f), §52(a), and the Federal Housing Act as amended,

6  (Title 8) (3) (B); for a refusal to make reasonable accommodations in rules, policies,

7  practices or services, when such accommodations may be necessary to afford such a

8  person equal opportunity to use and enjoy a dwelling. Specifically, Plaintiff is subject to

9  arbitrary discrimination because of Plaintiff's personal characteristic: being a mentally

10  disabled, homeless veteran. Defendants' actions attempting to unlawfully evict Plaintiff

11  dictate; Defendants failing to reasonably accommodate plaintiff due to his disability or

12  taking advantage of, or abusing plaintiff because he is mentally disabled and a

13  homeless veteran. The Defendants did not anticipate that Plaintiff would discover and

14  uncover Defendants' illegal discriminatory and retaliatory acts, nor did Defendants

15  expect Plaintiff to first; realize what his rights were and second; fully exercise his rights

16  to remain in possession of the premises; because Defendants expect him not to be able

17  to know how to defend himself because of his mental disability and because the

18  defendants consider him a second class citizen that does not know any better, or one

19  who can not afford to properly defend himself. Defendants expected plaintiff to vacate

20  the premises without resisting, due to the reasons mentioned above, and the

21  harassment that the Defendants were subjecting plaintiff to. The Defendants took

22  advantage of the Plaintiff's mental disability and at the time the Plaintiff's "depressed

23  mental state of mind", and homeless status. The Defendants profiled Plaintiff as an

24  under-privileged and depressed victim that is unfocused, and Defendants were

25  depending on Plaintiff being without financial resources, down and in such a

COMPLAINT                                                                    12

1   depressed state of mind that Plaintiff will not be able to, or know how to pursue his legal

2   rights.

3       47.    Plaintiff is also informed and believes and thereon alleges that he was

4   discriminated against by defendants on the basis of his source of income, violating

5   FEHA 12955 (l), 12955(d), Civil Codes §52(a), §51. Plaintiff is subject to arbitrary

6   discrimination based on Plaintiff's personal characteristic; being a homeless veteran

7   receiving VA rent sudzidized-rental assistance. Specifically; according to FEHA section

8   12955(p)(1), 12955(o), landlords supported by government subsidies are required to

9   use a financial or income standard in assessing eligibility for the rental of housing that is

10   not based on the portion of rent to be paid by the tenant. This same rule can be applied

11   to a tenant already residing in a government subsidized housing situation. A landlord

12   cannot discriminate in any way against a tenant because his rent is subsidized, and/or

13   because the portion of the rent he pays to landlord is minimal. Defendants receive over

14   sixty-five (65%) of the plaintiff's monthly rent from the VA. Defendants' actions dictate

15   discrimination against plaintiff due to his source of income.

16       48.  Plaintiff is also informed and believes and thereon alleges that defendants

17   are in breach of the covenants of good faith and fair dealing and quiet enjoyment.

18   Defendants are guilty of waiver, estoppel and unclean hands, among other things.

19   Specifically; because defendants are a PHA, they are required to adhere to HUD rules

20   and regulations, and because of HUD rules and other statutory and common law;

21   defendants are guilty of (1) serving plaintiff an improper 30 day termination notice, as

22   alleged in this complaint. The 30 day termination notice omitted the clause informing

23   plaintiff that he has a ten day opportunity to grieve and/or resolve the termination matter

24   with the landlord, this act violates section 24 CFR CHVIII, §880.607©, 24CFRCHIX

25   §966.4(3)(ii), Civil Codes §52(a), §52.1(a), §52.1(b), and FEHA §12955 and

1   (2)defendants are guilty of denying plaintiff his entitled grievance hearing to discuss the

2   termination matter with the landlord, defendants are not allowed to move to filing a

3   unlawful detainer action until the meeting has been commenced, this act violates

4   section 24CFRCHIX §966.4(3)(iv),§966.51(a)(1), violating FEHA section §12955(f), and

5   Civil Code §52(a), and 3) defendants also denied plaintiff his entitled hardship

6   exemption, after plaintiff presented evidence he was entitled and eligible for a hardship

7   exemption, violating 2CFR§5.630(2)(A)(B)(C)(D),  Civil Code §52.1(a), and (4) because

8   plaintiff was entitled to a hardship exemption, his rent amount was overstated on the

9   three day pay or quit termination notice, because the month and the date plaintiff

10  received the three day notice, which was July 7, 2006, plaintiff had no income. Plaintiff's

11  hardship began in the beginning of June 2006, and plaintiff had no income for the entire

12  month of June and up until on or about July 20, 2006, due to plaintiff's state disability

13  payments being stopped because he missed an appointment with his doctor, who soon

14  after went on vacation, and plaintiff missed being recertified for his disability payments.

15  Plaintiff eventually got recertified, but his payments did not start-up again until around or

16  about July 18, 2006, approximately eleven days after defendants served plaintiff the

17  three day notice to pay or quit, this being the other reason why the notice was improper,

18  being that the amount of rent stated on it was overstated, due to when he was served

19  with the notice, he did not have a income, and defendants could have easily claim zero

20  rent for plaintiff, and request the VA pay the difference. According to section §880.63, in

21  the event a tenant in a (PHA) claims a hardship exemption, the landlord is required by

22  HUD to suspend the plaintiff's rent for ninety days, and then reinstate the tenant's rent

23  after the ninety days, giving the tenant the opportunity to recover from his hardship,

24  defendants denied plaintiff his hardship exemption and ignored the fact that the rent

25  amount on the three-day  notice was overstated, and 5) defendants also entered an

COMPLAINT                                                                              14

1   incorrect date of plaintiff's lease as 8/17/04 on the face of the unlawful detainer

2   complaint defendants filed against plaintiff, which plaintiff believes was done in an

3   attempt to deceive plaintiff, his attorney and the court into thinking that he was bound by

4   a lease that was dated 8/17/04, when there never was any lease executed by

5   defendants and plaintiff on 8/17/04. This act also violates section §52(a), §52.1(a), due

6   to; the purpose of committing the act was to deny plaintiff his right to exercise the rights

7   he was entitled to on the lease he actually signed, and was an attempt to interfere with

8   plaintiff's rights, and coerce plaintiff from his apartment, and also deceive the court.

9        49.    As a direct and proximate result of defendant's interference with plaintiff's

10  right to a full and equal accommodation and service in defendants' business

11  establishment by defendant, plaintiff has suffered general damages in an amount to be

12  determined at proof at trial.

13       50.    As a further direct and proximate result of the wrongful acts of defendants,

14  plaintiff is in addition entitled to recover all statutory civil penalties.

15       51.    The above related actions of the defendants were done with malice, fraud

16  or oppression and in reckless disregard of the plaintiff's rights. Specifically; (1)

17  defendants knew that their actions and conduct were despicable and was intended to

18  cause injury to plaintiff., defendants were willful and conscious, knowing that plaintiff

19  had a right to remain in possession of the premises, and had a right not to pay his rent

20  until he was served properly, and (2) defendants also knew that they were required by

21  law to reasonably accommodate plaintiff, therefore, defendants knew that they had

22  failed to state a cause of action to evict plaintiff, and/or knew they could not legally

23  proceed to evict plaintiff, **prior** to proceeding with the Unlawful Detainer action against

24  plaintiff.    Defendants knew that they were subjecting plaintiff to cruel and unjust

25  hardship, in conscious disregard of plaintiff's rights. Defendants also knew that they

COMPLAINT                                                                                    15

were especially subject to federal and state housing laws because they are a PHA program participating in a VA subsidized housing program; and knew that the reason, and the way they were attempting to evict Plaintiff was being done with unclean hands, because the three-day notice served on plaintiff was improper, and also because defendants knew they were not reasonably accommodating plaintiff, among other things, therefore defendants knew that they had not stated a cause of action to evict plaintiff, but still proceeded to do so.

WHEREFORE, Plaintiff FOSTER prays for judgment against Defendants, and each of them, as more fully set forth below.

THIIRD CAUSE OF ACTION

[Breach of Covenant of Good Faith and Fair Dealing]

Against all Defendants

52.     Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 51 as though full set forth herein.

53.     In assuming the landlord-tenant contracted relationship with Plaintiff, Defendants covenanted to deal with Plaintiff in good faith.

54.     By reason of the Defendants actions as alleged herein, including but not limited to Defendants unlawful efforts to evict Plaintiff, all in a concerted effort to recover possession of Plaintiff's home, in violation of California Civil Code §3300.  Defendants committed a breach of the covenant of good faith and fair dealing with Plaintiff, which covenant is implied into every residential rental contract in California.

55.     As a direct and proximate result of said breach, Plaintiff has suffered the actual, special and general damages as alleged, and which are incorporated herein by this reference, and seek recovery of the same, and for an award of costs and reasonable attorney fees.

COMPLAINT

16

1    56.    Plaintiff is informed and believes and therefore alleges that the endeavor

2  to recover possession of the premises by Defendants was in conscious disregard of the

3  Plaintiff's legal rights, and was willful, oppressive, and malicious; and designed to cause

4  Plaintiff to suffer economic and emotional injury. Plaintiff is therefore entitled to an

5  award of exemplary and punitive damages against Defendants, in an amount to be

6  determined at trial.

7  Wherefore Plaintiff prays for judgment against Defendants, and each of them, as more

8  fully set forth below.

9                          **FOURTH CAUSE OF ACTION**

10                          **[Breach of Contract]**

11                          **Against all Defendants**

12    57.    Plaintiff incorporates by reference each and every allegation set forth in

13  paragraphs 1 through 56 as fully set forth herein.

14    58.    By illegally attempting to evict Plaintiff; for retaliatory reasons, as well as

15  using fraudulent and deceitful means, and by discriminating against Plaintiff,

16  Defendants, and each of them, have breached their contract with Plaintiff, violating

17  California  Civil Code §3300.

18    59.    As the result of defendants' breach of contract, Plaintiff has suffered

19  damages as alleged herein. Plaintiff is therefore entitled to an award of exemplary and

20  punitive damages against Defendants, in an amount to be determined at trial.

21  Wherefore Plaintiff prays for judgment against Defendants, and each of them, as more

22  fully set forth below.

23                          **FIFTH CAUSE OF ACTION**

24                          **[Intentional Infliction of Emotional Distress]**
                            **Against all Defendants**

25

COMPLAINT                                                                    17

1    60.    Plaintiff incorporates by reference each and every allegation set forth in

2  paragraphs 1 through 59 as though fully set forth herein.

3    61.    Defendant's continued retaliatory actions to attempt to evict plaintiff as

4  alleged in this complaint were knowing, intentional and willful and done with reckless

5  disregard of the probability of causing plaintiff emotional distress.

6    62.    As a proximate result of defendant's conduct, as alleged in this complaint,

7  plaintiff suffered extreme mental anguish and emotional distress in the form of

8  humiliation, mental anguish, anxiety, worry, disappointment and alienation that

9  interfered with plaintiff's quiet enjoyment. Plaintiff was worried and anxious about

10  whether he was going to lose his home. The acts of defendants injured plaintiff in mind

11  and body.

12    63.    The retaliatory actions of the defendants, as alleged in this complaint were

13  oppressive, malicious and outrageous, and the defendants that were standing in a

14  position of authority over plaintiff, acted with the intent to damage plaintiff and to cause

15  plaintiff severe emotional and physical distress. Defendants abused the

16  Landlord/Tenant relationship with plaintiff. Defendant's conduct was done knowingly

17  and willfully in violation of §1942.5 (c), Civil Codes §51, §51(f), §52, §52(a), §52.1(a),

18  §52.1(b), FEHA §12955(f), FEHA §12955(l), FEHA §12955(d), FEHA §12955(o), 24

19  CFR ChVIII, §880.607(c), 24CFRCHIX §966.4(3)(ii), and Plaintiff is therefore entitled to

20  punitive damages in an amount to be determined by proof at trial.

21    WHEREFORE, Plaintiff FOSTER prays for judgment against Defendants, and

22  each of them, as more fully set forth below.

## PRAYER **FOR RELIEF**

23    WHEREFORE, Plaintiff FOSTER prays for judgment against Defendants, and

24  each of them, as more fully set forth below:

25

COMPLAINT                                                                    18

1.    For general damages, including emotional distress, according to proof;

2.    For statutory penalties and all relief allowed by statute according to proof,

3.    For punitive damages;

4.    For an award of attorney's fees;

5.    For pre-judgment interest at the legal rate according to proof;

6.    For costs of suit incurred;

7.    For such other and further relief as the court may deem proper.

Dated: *March 29, 2007*

*Mark Antoine Foster*

Mark Antoine Foster, In pro per

COMPLAINT                                                                           19

# EXHIBIT "D"

*6022842*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA,
## IN AND FOR THE COUNTY OF ALAMEDA

MARK ANTOINE FOSTER,                    No. RG06302322

        Plaintiff,

vs.

                                   **FILED**
                              ALAMEDA COUNTY

OPERATION DIGNITY, INC, et al.,         NOV 2 1 2007

                            CLERK OF THE SUPERIOR COURT
        Defendants.             By _____
                                         Deputy

## CASE MANAGEMENT ORDER

On the court's own motion, this action is consolidated for all purposes with another case between the same parties:

*Foster vs. Operation Dignity, Inc., No.* RG07318238.

All future filings will use No. RG06302322

The next case management conference for these cases will be on **March 7, 2008** at 9:00 a.m. in Department 19.

The case management of these related cases goes to the judge with the case that was filed first.

Dated:  November 20, 2007

                              _____
                              Stephen Dombrink
                              Judge of the Superior Court

NOV 2 6 2007

**Foster v. Operation Dignity, Inc., a California Non-Profit Corp et al.**
U.S.D.C., Northern Dist. OF California, C075030 MMC

**PROOF OF SERVICE**

I hereby certify that I sent by regular U.S. Mail, the following:

DEFENDANTS' NOTICE OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY; DECLARATION OF JAY W. BROWN AND EXHIBITS "A" - "D" ATTACHED THERETO; [PROPOSED] ORDER IN SUPPORT THEREOF

Mark Antoine Foster In Pro Per
725 Ellis Street, #408
San Francisco, CA 94109

Executed on December 3, 2007 at Pleasanton, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Tonyia Neves

F:\Data\DOCS\9256\03240\Federal Action\proof