CHRISTOPHER J. BEEMAN, ESQ. BAR#: 121194
JAY W. BROWN, ESQ. BAR#: 176079
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
6130 Stoneridge Mall Road, Suite 275
Pleasanton, CA 94588
(925) 734-0990  Fax: (925) 734-0888

Attorneys for Defendants
OPERATION DIGNITY, INC., ALEX McELREE, WILLIAM KENNEDY,
AND LINDA GRIFFIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTOINE FOSTER,<br><br>    Plaintiff,<br><br>v.<br><br>OPERATION DIGNITY, INC., a California Non-Profit corporation, ALEX McELREE, an individual, WILLIAM KENNEDY, an individual, LINDA GRIFFIN,<br><br>    Defendants. | CASE NO.: C075030 MMC<br><br>CASE MANAGEMENT CONFERENCE STATEMENT |

Pursuant to Civil L.R. 16-9, defendants, through their counsel of record, hereby provide the court with the following Joint Case Management Statement. Plaintiff Mark Foster was unable to be reached in order to submit a joint statement.

CASE MANAGEMENT CONFERENCE STATEMENT

1. Jurisdiction and Service

Plaintiff filed this action for violations of the Civil Rights Act of 1968, the Fair Housing and Rehabilitation Act, the United States Housing Act, the Americans With Disabilities Act, the Consumer Fraud and Deceptive Business practices Act, as well as breach of contract and infliction of emotional

1  distress. There is a Motion to Dismiss set in Department 7 before the Honorable Maxine Chesney
2  pursuant to Colorado River v. United States, 424 U.S. 800 (1976), on the grounds that there is an
3  identical case pending in the Superior Court of California entitled Foster v. Operation Dignity, Inc.,
4  et al, Case No. RG06302322. Plaintiff has also filed a second action in Federal District Court Foster
5  v. Operation Dignity, et al., Case No. C 07-05029 SBA, which is now pending in Judge Armstrong's
6  court. Operation Dignity has never been served with this complaint, and requests have been made to
7  Foster for service of this complaint.

2.  Facts

Brief Description of Events Underlying Action

Operation Dignity is a non-profit corporation that provides subsidized transitional housing for veterans. Plaintiff Mark Foster is a U.S. veteran and twice convicted felon. Foster alleges in the instant matter that he was a resident of 2300 Moonlight Terrace in Alameda California, with a tenancy ranging from August 17, 2004 through January 31, 2007. He alleges that Operation Dignity was his landlord, and that the individually named defendants herein were employees of Operation Dignity. In plaintiff's Federal Court complaint, he references two unlawful detainer actions filed by the defendants, which form the basis of the Federal Court action. The first is Alameda County Superior Court Case No. AG06262593, which was filed on March 30, 2006 which sought recovery of the premises from Mr. Foster based on his non-participation in case management services. The second is Case No. AG06279183, which sought recovery of the premises for non-payment of rent. Based upon a negotiated stipulation between the parties, Foster vacated the premises on January 31, 2007.

In plaintiff's State court action, Foster v. Operation Dignity, et al, Case No. RG06302322, filed February 26, 2007, he makes identical factual allegations, but limits the action to the first unlawful detainer action, Alameda County Superior Court Case No. AG06262593, which was filed on March 30, 2006. In that complaint, Foster alleges that he was a resident of 2300 Moonlight Terrace, Apartment A in Alameda, taking possession on August 17, 2004, and that Operation Dignity was his landlord. Foster addresses again the very same unlawful detainer actions addressed in his Federal complaint. Foster's State court action sets forth seven causes of action for retaliatory eviction, fraud,

breach of covenant of good faith and fair dealing, breach of contract and infliction of emotional distress, all similar causes of action to those alleged in his Federal action. Foster's second complaint addresses the second unlawful detainer action, The second is Case No. AG06279183, which sought recovery of the premises for non-payment of rent, but essentially alleges the same facts and causes of action as the first state court action. Since both State court complaints arose out of the same tenancy, but two separate unlawful detainer actions, the two actions were consolidated, with the RG06302322 being the controlling case as it is the oldest action.

The instant Federal Court action is Foster's third such action filed (aside from the two consolidated state court matters addressed above.) Foster has now filed **fourth** complaint in Federal Court, Foster v. Operation Dignity, et al., Case No. C 07-05029 SBA, which is now pending in Judge Armstrong's court. Operation Dignity has never been served with this complaint, and requests have been made to Foster for service of this complaint.

3.  Legal Issues

Defendant's Contentions

The retaliatory eviction doctrine is founded on the premise that a landlord may normally evict a tenant for any reason or for no reason at all, but a landlord may not evict for an improper reason. (Barela v. Superior Court (1981) 30 Cal.3d 244, 249.) Retaliatory eviction occurs when a landlord exercises his legal right to terminate a tenancy but with a motive of retaliating against a tenant who has exercised a legal right. (Four Seas Inv. Corp. v. International Hotel Tenants' Assn. (1978) 81 Cal.App.3d 604, 610.) Although it may be plead as an affirmative defense in an unlawful detainer matter, it has been extended to allow an independent cause of action against the landlord for actual and punitive damages. (Aweeka v. Bonds (1971) 20 Cal.App.3d 278, 281.)

The retaliatory eviction doctrine, aside from its common law origins, has been codified in Civil Code section 1942.5. Essentially, if the lessee is not in default in the payment of rent, the lessor may not in retaliation against lessee because of the lessee's exercise of rights:

- Recover possession of the dwelling in any action or proceeding;
- Cause the lessee to quit involuntarily;

      - Increase the rent, or;

      - Decrease any services within 180 days after the latest of certain specified dates

      A lessor may, however, recover possession of a dwelling and do any of the other acts described in Section 1942(a) or (c), above, if the notice of termination, rent increase or other act, and any pleading or statement of issues in an arbitration states the ground on which the lessor in good faith seeks to recover possession, increase rent or do any of the other acts described. If the statement is controverted, the lessor has the burden of establishing its truth at the trial.

      Civil Code section 1942.5 Subsection (e) states:

      "Notwithstanding subdivisions (a) to (d), a lessor may recover possession of a dwelling and do any of the other acts described in subdivision (a) within the periods prescribed therein, or within subdivision (c), if the notice of termination, rent increase, or other act, and any pleading or statement of issues in an arbitration, if any, states the ground upon which the lessor, in good faith, seeks to recover possession, increase rent, or do any of the other acts described in subdivision (a) or (c). If the statement is controverted, the lessor shall establish its truth at the trial or other hearing.

      Subsection (f) provides for damages as follows:

      (1) The actual damages sustained by the lessee.

      (2) Punitive damages in an amount of not less than $100 nor more than $2000 for reach retaliatory act where the lessor or agent has been guilty of fraud, oppression, or malice with respect to that act.

      Subsection (g) provides for reasonable attorney's fees to the prevailing party.

      It is difficult to follow plaintiff's logic, but he apparently contends that he was discriminated against in the first alleged wrongful eviction because of his status as a homeless veteran on public assistance. It is noteworthy that virtually every tenant of Operation Dignity would be in the same class, and rather than discriminating against these individuals, Operation Dignity was organized and is run to assist this class of people. The first unlawful detainer action did not result in plaintiff vacating the premises. Retaliatory eviction on this basis lacks merit.

      Plaintiff then apparently alleges that the second unlawful detainer action, which was based

4
CASE MANAGEMENT STATEMENT

upon plaintiff's admitted failure to pay rent for four months, was filed against him because plaintiff had chosen to stand up for his rights. The reality is that plaintiff had not paid rent since March of 2006, as he was required to do pursuant to his lease. Procedurally, plaintiff stipulated to moving out of his apartment pursuant to the second unlawful detainer action, so it seems disingenuous to argue that he was forced out, when he had the ability to stay and fight if he truly believed that he was entitled to continue his residency.

4. Motions

There is a Motion to Dismiss/Stay pending in this department on January 11, 2008 at 9:30 a.m.

5. Amendment of Pleadings

No further amendment of pleadings are required.

6. Evidence Preservation

Pre-trial discovery has been underway for quite some time in the State of California Superior Court actions. All documents and discovery have been exchanged. Plaintiff is in possession of all documents which are in defendants' possession.

7. Disclosures

Defendants submitted their initial disclosures in conjunction with this case management conference statement, however, witnesses, documents and insurance information have been supplied to plaintiff Foster in the underlying state court action.

8. Discovery

Pre-trial discovery has been ongoing in the underlying State court actions. A mediation also took place in November 2007.

9. Class Actions

There are no class certification hearings anticipated at this time.

10. Related Cases

As set forth above, there is a consolidated action in the Superior Court of California, County of Alameda, as well as the related Federal action referenced above assigned to Judge Armstrong.

11. Relief

Plaintiff seeks compensatory and punitive damages.

Defendants deny liability. Pursuant to their Motion to Dismiss/Stay, defendants request that this court either dismiss this action with prejudice, or stay this matter pending the outcome of the state court matter. Defendants also request that this court ultimately consolidate this matter with Case No. C 07-05029, and dismiss/stay that matter as well.

12. <u>Settlement and ADR</u>

The parties have already engaged in a full day mediation in the State court matter. Plaintiff made an initial demand of $10,000,000, and ended at the end of an 8-hour session at with a $250,000 demand.

As for discovery, the parties have engaged in written discovery in the underlying state court action, including the deposition of the plaintiff. Defendants anticipate written discovery to the plaintiff on his allegations of violation of Federal law.

13. <u>Consent to Magistrate Judge for All Purposes</u>

The parties have not consented to the assignment of this case to a United States Magistrate Judge for trial.

14. <u>Other References</u>

The case is not suitable for reference to binding arbitration, special master, or the judicial panel on multi-district litigation.

15. <u>Narrowing of Issues</u>

None at this time.

16. <u>Expedited Schedule</u>

The parties do not request expedited scheduling.

17. <u>Scheduling</u>

Assuming defendants' Motion to Dismiss/Stay is denied, defendants propose the following schedule.

    a.    A further case management conference to be scheduled at the pleasure of the court.

    b.    Discovery shall be subject to Federal Rules of Civil Procedure and Local Rules, subject

to any provision below.

    c.    Non-Expert discovery cut-off shall be on July 1, 2008.

    d.    Expert disclosures and reports shall be exchanged on or before September 1, 2008. Disclosure of rebuttal experts shall be on October 1, 2008. Parties shall conform to rule 26(a)(2).

    e.    Expert Discovery cut-off shall be on November 1, 2008.

    f.    December 1, 2008 is the last day to file any dispositive motions.

    g.    Pre-Trial Conference shall be held at the court's discretion.

    h.    The trial shall be set at the court's discretion.

18.    <u>Trial</u>

Defendants demand a jury trial.

19.    <u>Disclosure of Non-Party Interested Entities or Persons</u>

No other persons or entities are required to be disclosed by the parties at this time.

20.    <u>Other matters</u>

None.

DATED: January 2, 2008

CLAPP, MORONEY, BELLAGAMBA and VUCINICH

By: _____
CHRISTOPHER J. BEEMAN, ESQ.
Attorneys for Defendants OPERATION DIGNITY, INC., ALEX McELREE, WILLIAM KENNEDY, AND LINDA GRIFFIN

7

CASE MANAGEMENT STATEMENT

**Foster v. Operation Dignity, Inc., a California Non-Profit Corp et al.**
U.S.D.C., Northern Dist. OF California, C075030 MMC

**PROOF OF SERVICE**

I hereby certify that I sent by regular U.S. Mail, the following:

CASE MANAGEMENT STATEMENT

Mark Antoine Foster In Pro Per
200 Corpus Christie Road, #A,
Alameda, CA 94501

    Executed on January 4, 2008 at Pleasanton, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

S/S
_____
ROCHELLE BECKER

F:\Data\DOCS\9256\03240\Federal Action\proof